**Henry GRIFFIN**

v.

**Wilh. WILHELMSEN (Lavino Shipping Company).**

**Civ. A. No. 25479.**

United States District Court E. D. Pennsylvania.

Oct. 23, 1959.

---

**3.** 7 Moore's Fed.Prac. ¶56.15, p. 2158.

**4.** See 57 Stat. 578 (1943), 37 U.S.C., Supp. II, § 206(c) (1940 ed.).

Freedman, Landy & Lorry, Philadelphia, Pa., for plaintiff.

Krusen, Evans & Shaw, Philadelphia, Pa., for defendants.

VAN DUSEN, District Judge.

And now, October 23, 1959, after consideration of the objections, the record, oral argument, and the memoranda of counsel, it is ordered that:

1. Objections to Requests 4 to 8, 11, 15, and 16 are overruled;

2. Objection to Request 10, modified by eliminating the words "narrow coaming or" and by inserting after the word "area" the words "at the tween-deck level," is overruled;

3. Objection to Request 17, modified to read as follows: "The plaintiff was hospitalized as an in-patient at the Underwood Hospital in Woodbury, New Jersey, from February 26, 1957, to March 22, 1957, and received further medical treatment thereafter" is overruled;

4. Objections to Requests 18 and 21 are sustained; and

5. Defendant is granted sixty (60) days to file answers to the requests covered by clauses 1 to 3 of this Order.

■ The purpose of F.R.Civ.P. 36(a), 28 U.S.C.A., is stated as follows in Jones v. Boyd Truck Lines, Inc., D.C.W.D.Mo. 1951, 11 F.R.D. 67, 69, cited by defendant:

"The theory and purpose of Rule 36(a) is to provide an effective method whereby the parties to an action may interrogate each other to ascertain before trial just what facts are in dispute between them. The intendment of that rule is that parties to litigation should not consume time at trial, or be put to expense in making proof of evidentiary, or ultimate facts appearing in a case that are not substantially contested.

"Rule 36(a) was not designed to make discovery of the existence of facts, as such. It was designed as an effective method to discover and circumscribe contested factual issues in a case, either basic or ultimate facts, so that the disputed issues may be clearly and succinctly presented to the trier of facts. * * *

"Such being the office of requests and responses made under said rule, it should be clear that a request made for admission of a fact, though it be as to a part of the burden of proof of a party to litigation; or, that calls for evidentiary matter that is equally available to, and known by, the parties; or, which deals with a disputed matter contained in the pleadings; is not an improper one under Rule 36(a), supra. The rule seeks to eliminate the necessity for proof of uncontroverted facts. Naturally, if it is to be effective for that purpose, requests may be propounded thereunder seeking admission of every fact in a case relevant to the issues, whether such fact is one that is known to the interrogator, (citing case) is a part of his burden of proof (citing case), or is contested in the pleadings (citing case)."

■ It is also true, as stated in Petition of Reinauer Oil Transport, Inc., D.C.D.Mass.1956, 19 F.R.D. 5, also relied on by defendant:

"They should deal with singular relevant facts which can be clearly admitted or denied and not with complicated situations involving many distinct and vital controversial issues of facts. They should not be used as a means of covering the entire case and every item of evidence."

■ These requests for admissions were filed by plaintiff after interrogatories had been filed and answered and more than nine months after the suit had been instituted. Defendant was fully justified in objecting to the wording of some of these requests and plaintiff readily and commendably agreed to change the language in the instances mentioned above at the oral argument, but most of the requests objected to fall within the terms of F.R.Civ.P. 36(a), as explained by cases such as those mentioned above. Since the use of such requests under proper circumstances and when clearly and simply worded can materially expedite trials, it is suggested that care be exercised in their wording and that counsel objecting to them on the ground that they are "too broad, too extensive, too general or too vague" try to secure an agreement "to narrow or define the scope * * * sufficiently to overcome the objection" within the spirit of Local Rule 20(d), which, by its terms, only applies to interrogatories.[1]

1. Also, the attention of counsel is called to the terms of Local Rule 20(e), requiring that objections "quote verbatim each request for admission to which objection is made."

The defendant may be required to deny[2] or qualify, in accordance with the last sentence of F.R.Civ.P. 36(a), his answer to all or many of these requests, but this outcome does not make the requests objectionable. If there is a difference of opinion as to the uniformly accepted propriety of the method described in Request 15, this request can be denied. Cf. quotation from Moore in Boyd Truck Lines case, supra, 11 F.R.D. at page 70.

Request 18 is argumentative and only possibly could be proper if certain facts were established, which are not now in the record.

Request 21 will only be appropriate after the contract is secured by plaintiff and the contractual language relied on is quoted in the request.

Jeter S. Ray, Nashville, Tenn., for plaintiff.

Noone & Noone, Chattanooga, Tenn., for defendant.

---

**2.** For example, since the defendant stated at the argument that he does not know whether the answer to Request 16, which subject he contends is solely within plaintiff's knowledge, is accurate or inaccurate, the proper procedure is to deny the requests for lack of information on the subject.