**Julius KASAR, Plaintiff,**

v.

**MILLER PRINTING MACHINERY COM-PANY, a corporation, Defendant.**

**Civ. A. No. 63-1083.**

United States District Court
W. D. Pennsylvania.

Oct. 22, 1964.

Bruce R. Martin, Pittsburgh, Pa., for plaintiff.

Robert S. Brigsby, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

In this action a complaint was filed for damages for personal injuries suffered by the plaintiff because of a breach of warranty and negligence in the manufacture and design of a valve device in a fire extinguisher.

The plaintiff has presented to the defendant requests for admissions. The defendant objects to these requests as calling for the defendant's opinions or conclusions. It further argues that statements made in interrogatories and depositions, now of record in this case, are those of experts and as such should be submitted to a jury for determination as

to whether or not the interpretation of the plaintiff is correct.

The plaintiff maintains that the defendant has in effect, but not actually, admitted either negligence or breach of warranty in depositions filed in this case; and now the plaintiff requests out-and-out statements to that effect by way of admissions.

The requests for admissions and the objections are as follows:

Request No. 1. "The flattened surface of the mating end of the elbow and the corresponding deformity of the elbow hole at the same end, in the valve observed by defendant's representatives on February 1, 1964, were caused by extreme forces which would not be applied in normal use."

The defendant contends that a response relating to this inquiry was contained in the answer to Interrogatory No. 11(c) that "* * * it was determined that the condition of the valve was caused by extreme forces which would not be applied in our manufacturing process or in normal use * * *", and objects on the basis that the request is for the admission of an opinion.

Request No. 2. "If Julius Kasar used the valve he claims caused his injury in the manner he described in his deposition taken in this action, his use of the valve as therein described, was normal use."

The defendant argues that the plaintiff is attempting to get it to make a statement of fact that the plaintiff had not used the device negligently or in an abnormal manner. This, it appears is a matter for the plaintiff to show by a preponderance of the evidence. The deposition may be inadmissible in evidence at the trial for many reasons and the request here could be considered as tantamount to making such evidence admissible.

Request No. 3. "The flattened surface of the mating end of the elbow and the corresponding deformity of the elbow hole at the same end of the valve observed by defendant's representatives on February 1, 1964, could only be caused by a force so extreme that it caused the deformation of the elbow and the retaining pin."

The defendant contends that this involves an admission of an opinion.

Request No. 4. "If the deformation of the elbow and of the retaining pin existed when the valve was packed for shipment by defendant's employees:

(a) The valve was not fit for the purpose of its intended use.

(b) Defendant was negligent in its manufacture and assembly of the valve.

(c) Defendant was negligent in its inspections of the valve.

Request No. 5. "If the deformation of the elbow and of the retaining pin as observed by defendant's representatives on February 1, 1964, existed when Julius Kasar attempted to fill the fire extinguisher on April 9, 1962, the deformations would not have been observable to Julius Kasar until after the elbow separated from the remainder of the valve."

These requests indicate that the plaintiff has presented a valve and desires the defendant to admit that this is the valve that was involved in the accident. The defendant indicates that it does not know that this was the particular valve which was involved and is reluctant to admit it.

The requests for admissions as presented by the plaintiff are for the most part in the subjunctive and present conditional situations. They thus ask for firm answers to variable factors. When requests for admissions call for

interpretations of documents, reports and the like and are requests for opinions or conclusions, they are not proper and are not required to be answered. Requests for admissions may generally not be applied to controverted legal issues lying at the heart of a case and should be so phrased that they can be clearly admitted or denied without explanation. Pittsburgh Hotels Association, Inc. v. Urban Redevelopment Authority of Pittsburgh, D.C., 29 F.R.D. 512, 1962.

██ The rule respecting requests for admissions of facts should not be used unless a statement of facts sought to be admitted is so phrased that it can be admitted or denied without explanation and requests which are phrased so as to infer unfairly a particular or varied conclusion from the fact admitted are objectionable, as are requests which are half truths if such half truths would infer a conclusion different from the whole truth. Johnstone et al. v. Cronlund et al., D.C., 25 F.R.D. 42, 43, 1960. Where facts are in real dispute, they are not proper subjects for a request for admission. Maryland Casualty Company v. Green et al., D.C., 167 F.Supp. 226, 1958, affirmed 266 F.2d 31, C.A.3, 1959.

██ Where a request for admission is argumentative and only possibly could be proper if certain facts are established, but such facts are not definitely on the record, objections to such request should be sustained. Griffin v. Wilhelmsen, D. C., 24 F.R.D. 431, 432, 1959.

██ This matter in large part also relates to expert opinions. It is the burden of the plaintiff here to prove a breach of warranty or negligence by the defendant in the failure of the product because of materials or its manufacturing processes. The evidence of experts especially in matters dealing with warranty and composition of materials is for the most part opinion evidence, and is intended as an aid to the fact finder; but where there is any question as to the credibility or basis for expert testimony, the fact finder is not bound to accept such testimony. Jenkins v. Nicholson, 162 F. Supp. 167, 1958; McSparran v. Hanigan et al., D.C., 225 F.Supp. 628, 1963. Where there is any doubt as to the weight or merit of such evidence, it is for the fact finder to evaluate its probative value. Pritchard v. Liggett & Myers Tobacco Company, 295 F.2d 292, C.A.3, 1961; The S.C.L. No. 9 et al., 114 F.2d 964, C.A.3, 1940.

██ To now accept the depositions as filed and the answers to the interrogatories as a finality and so foreclose further admissible evidence, which may be relevant at the trial of the case, would be violative of the spirit of our Federal Rules of Civil Procedure. While depositions and answers to interrogatories are at times competent as evidence at the trial of a case and while requests for admissions are intended to obviate the production of unnecessary evidence and so avoid delays and expenses in the procurement of justice, it was not intended that a combination of these should be arbitrarily or coercely used to short circuit the presentation of the necessary and desirable facts in a case.

██ Factually, there appears to be lacking such matters as ought to be offered in evidence; for otherwise, it would have been needless for counsel for the plaintiff to have presented such factual explanations as he did in his "Reply to Defendant's Brief and Supplement to Plaintiff's Brief" under the title Supplemental Facts which were typed on page 1–5, inclusive. It would indeed be a loose and haphazard method to accept as facts averments and explanations set forth in an attorney's brief. We shall respect the requirements of law that briefs are not pleadings upon which processes may be based. Mellon National Bank & Trust Company v. Nationwide Mutual Insurance Company et al., 32 F.R.D. 365, 1963.

· The defendant has not by its depositions or answers to the interrogatories eliminated all questions of facts, and where such exist as they do here, they are properly jury questions. McSparran v. Hanigan, supra. These may not be resolved by requests for admissions. At the trial of the case the plaintiff will have full and appropriate opportunities to put such relevant questions, as he now asks, in a proper forum where direct and cross examination of witnesses may be supervised according to the rules of evidence in such a manner as to logically and legally aid the fact finder to resolve the issues.

For all of these reasons, the objections of the defendant to these requests for admissions will be sustained.