Frank Peter **BALISTRIERI**, Plaintiff,

v.

John A. **HOLTZMAN** et al., Defendants.

Jennie **ALIOTO** a/k/a Loretta Fisher, Plaintiff,

v.

John A. **HOLTZMAN** et al., Defendants.

Nos. 69–C–510, 69–C–511.

United States District Court,
E. D. Wisconsin.

March 14, 1972.

Joseph P. Balistrieri, Milwaukee, Wis., for Frank Balistrieri and Jennie Alioto.

Foley & Lardner by Marvin E. Klitsner and Philip L. Wettengel, Milwaukee, Wis., for David Nelson, Herbert Stein and Wisconsin Telephone Co.

Neil R. Peterson, U.S. Dept. of Justice, U. S. Atty., Washington, D. C., David J. Cannon, for John A. Holtzman, Joseph E. O'Connell, Clark E. Lovrien and Alexander F. LeGrand.

Shea, Hoyt, Greene, Randall & Meissner by William L. Randall and Ralph J. Ehlinger, Milwaukee, Wis., for Ogden Realty Co.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants Holtzman, O'Connell, and LeGrand have moved for dismissal or, in the alternative, for summary judgment in each of the above-entitled actions. In support of these motions, the defendants urge that as agents of the Federal Bureau of Investigation, they are immune from suit; that the action is barred by operation of the statute of limitations and by laches; and that the plaintiffs have suffered no compensable injury.

■ In my opinion, these defendants are not immune from suit for their alleged tortious conduct merely because they were acting as agents of the Federal Bureau of Investigation in the pursuance of their official duties. In order to avail themselves of this type of defense, the defendants, as a minimum, must allege and prove that they believed, in good faith, that their conduct was lawful and that this belief was reasonable. Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 456 F. 2d 1339 (2d Cir., decided March 8, 1972). In *Bivens*, the court said:

"We have concluded and now decide and hold that it is a principle of federal law that Agents of the Federal Bureau of Narcotics, and other federal police officers such as Agents of the FBI performing similar functions, while in the act of pursuing alleged violators of the narcotics laws or other criminal statutes, have no immunity to protect them from damage suits charging violations of constitutional rights. We further hold, however, that it is a valid defense to such charges to allege and prove that the federal agent or other federal police officer acted in the matter complained of in good faith and with reasonable belief in the validity of the arrest and

search and in the necessity for carrying out the arrest and search in the way the arrest was made and the search was conducted."

See also Bethea v. Reid, 445 F.2d 1163, 1164 (3rd Cir. 1971).

For the reasons set forth in my recent decision, 54 F.R.D. 602, in response to the motions of the defendant Ogden & Company in the above-entitled *Alioto* case (decided February 17, 1972), I conclude that this action is not barred by operation of the statute of limitations.

■ I find that this is not a proper case for the application of the equitable doctrine of laches. There has been no adequate showing of prejudice to the defendants stemming from the plaintiffs' three years' delay in the filing of these actions after the identity of the installers of the hidden microphone was established. The defendants complain that certain witnesses, claiming a fifth amendment privilege, have refused to give meaningful testimony at depositions taken in these actions, but this problem may have arisen even if the actions had been instituted earlier. In my opinion, an examination of all the circumstances and a balancing of all the factors dictate a finding that the defense of laches is not applicable here. Cf. Boris v. Moore, 152 F.Supp. 602 (E. D.Wis.1957), aff'd sub nom. Boris v. Hamilton Manufacturing Company, 253 F.2d 526 (7th Cir. 1958).

■ The defendants' contentions that the plaintiffs have suffered no compensable injury is without merit. The alleged wrongful invasion of the plaintiffs' legal rights is sufficient to support an action for damages for the law presumes damages, though they may be only nominal. Koerber v. Patek, 123 Wis. 453, 460, 102 N.W. 40 (1905). The defendants suggest that the plaintiffs' injuries resulted from a disclosure at a judicial proceeding in Springfield, Illinois. As I read the complaints, it is not those disclosures but rather the alleged

eavesdropping which forms the gravamen of the actions.

The defendants have also moved for dismissal of Mr. Balistrieri's action and for expenses because of his failure to respond to their requests for admissions which were propounded to him on November 19, 1971, and because of Mr. Balistrieri's failure to answer the interrogatories propounded to him on November 23, 1971. The defendants have not made a formal motion requiring that the interrogatories be answered.

■ The plaintiff concedes his negligence in failing to respond to the request for admissions and to the interrogatories within the time provided by Rules 36 and 33, Federal Rules of Civil Procedure, but asserts that the failure to respond timely was not contumacious. In my opinion, the failure to respond does not warrant the imposition of the sanction of dismissal of the action since there has been no refusal to comply with an order of the court. The sanctions of Rule 37(b) are appropriate when a party has refused to obey an express court order to provide or permit discovery, but that is not this case. Halverson v. Campbell Soup Company, 374 F.2d 810 (7th Cir. 1967); 4A Moore's Federal Practice ¶37.03(2.–1) (1971).

■ The defendants' request for an award of expenses incurred in the bringing of this motion for dismissal is not appropriate. In the matter at bar, the defendants have not brought a motion to compel discovery. See Rule 37(a) (4), Federal Rules of Civil Procedure.

■ In addition, the defendants' motion for a declaration that the facts which were the subject matter of the request for admissions are admitted by the plaintiff should not be granted; the admission follows automatically under Rule 36(a). Under this rule, such matters are admitted unless there is an objection or a written answer addressed to the matters served on the requesting party. Thus, the plaintiff was not ob-

liged to take affirmative action in response to the defendants' request for admissions. 4A Moore's Federal Practice ¶36.03(7.–2).

Therefore, it is ordered that all of the defendants' motions in the above-entitled actions be and hereby are denied.