**George WILLIAMS, Plaintiff,**

v.

**Albert J. KRIEGER, Defendant.**

**No. 73 Civ. 53(MP).**

United States District Court,
S. D. New York.

Sept. 24, 1973.

George Williams, pro se.

Henry J. Easton, New York City, for defendant.

## MEMORANDUM

POLLACK, District Judge.

This is a motion under Rule 37, Fed.R.Civ.P., for an order compelling de-

fendant to answer interrogatories and requests for admissions. *Pro se* plaintiff Williams is suing his lawyer, defendant Krieger, charging him with negligent handling of his criminal case. The interrogatories and requests for admissions will be considered separately.[1]

## I. *The Requests for Admissions*

Pursuant to Rule 36, Fed.R.Civ.P., defendant was served with a set of requests for admissions of six items. Rule 36 states, in pertinent part:

A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b) set forth in the request that relate to statements or opinions of fact or of the application of law to fact . . . .. The matter is admitted unless, within 30 days after service of the request . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . .

The permissible time for response has now run, and the authorities suggest that in such a posture, the admissions requested—even if improper and objectionable—should be deemed admitted. *See* 8 Wright & Miller, Federal Practice and Procedure § 2259; United States v. Wiman, 304 F.2d 53 (5th Cir. 1962), cert. denied, 372 U.S. 915, 83 S. Ct. 717, 9 L.Ed.2d 722 (1963). Indeed, failure to respond to a request for admissions will permit this Court to enter summary judgment against the offending party if the facts then deemed "admitted" are dispositive of the case. *See,*

*e. g.,* Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686 (2d Cir. 1966); In re Mack, 330 F.Supp. 737 (S.D.Tex.1970).

Here, however, it is manifest that at least five of the six "requests" are improper. Rule 36, by its express terms, embraces only requests for admissions of fact or of the application of law to fact. Requests 1–4 and 6 are pure requests for admissions of law and are hence improper. *See also* Mahaney v. Doering, 260 F.Supp. 1006 (E.D.Pa. 1966). To force the defendant to "admit" such improper material would only frustrate the purposes for which Rule 36 was drafted. The better rule thus seems to be the one announced in Ark-Tenn Distributing Corp. v. Breidt, 110 F. Supp. 644 (D.N.J.1953), aff'd, 209 F.2d 359 (3d Cir. 1954):

It is true that failure to deny is tantamount to an admission, but it is equally true under this rule as under the others, that technical considerations will not be allowed to prevail to the detriment of substantial justice.

*Cf.* Walsh v. Connecticut Mut. Life Ins. Co., 26 F.Supp. 566 (E.D.N.Y.1939).

Since no real prejudice has resulted from the delay, "substantial justice" would probably be achieved by ordering the defendant to respond to the proper request forthwith. *See, e. g.,* Moosman v. Joseph P. Blitz, Inc., *supra.* Despite some ambiguity of Request # 5, the defendant should be able to form an appropriate response.

## II. *The Interrogatories*

The 22 interrogatories served on defendant have likewise gone unanswered within the 30-day period provided by

---

1. As a preliminary matter it should be noted that plaintiff's Rule 37 motion was returned to him by the *Pro Se* Clerk of this District for failure to sign the motion or have it notarized. However, the papers submitted do bear both plaintiff's signature and a notary verification although admittedly they appear at the bottom of the page after the affidavit of plaintiff, rather than immediately after the motion itself. To disqualify plaintiff on such a ground seems to glorify form over substance, and surely is not in keeping with the liberal spirit governing the judging of *pro se* papers. *See* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Rule 33. Accordingly, Rule 37 has set up a variety of sanctions in order to deal with defendant's failure to respond. That Rule states, in pertinent part:

> If . . . a party fails . . . to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories . . . the court in which the action is pending on motion may make such orders in regard to the failure as are just . . . . .

■ Indeed, Rule 37 expressly accepts the sanctions of dismissal and/or costs as two possible penalties for failure to respond, although plaintiff here has asked only for an order compelling an answer. In any case, the severity of the sanctions should be tempered by a consideration of the equities of the situation, and as one recent case pointed out, such sanctions may be wholly inappropriate absent an earlier order of the Court:

> [T]he failure to respond does not warrant the imposition of the sanction of dismissal of the action since there has been no refusal to comply with an order of the court. The sanctions of Rule 37(b) are appropriate when a party has refused to obey an express court order to provide or permit discovery, but that is not this case. Bal-

istrieri v. Holtzman, 55 F.R.D. 470, 472 (E.D.Wis.1972).

■ Here, as with the requests for admissions, certain of the interrogatories are so totally improper that no useful purpose will be served by either forcing defendant to respond or otherwise penalizing the defendant. Nonetheless, a party cannot with impunity simply ignore the limits of the rule. 8 Wright & Miller, Federal Practice and Procedure § 2170; United States v. Continental Casualty Co., 303 F.2d 91 (4th Cir. 1962). Wright and Miller suggest that the failure to make any objections within the proper time results in a waiver of the objection. 8 Wright & Miller, *supra*, § 2173; *see also* Davis v. Romney, 53 F. R.D. 247 (E.D.Pa.1971). As always, however, the matter is one within the sound discretion of this Court (Dann v. Compagnie Generale Trans-Atlantique, Ltd., 29 F.Supp. 330 (E.D.N.Y.1939)); and since Interrogatories 1, 2, 3, 7, 8, 9, 10, 11, 12, 15, 16, 17, 19, 20, 21 and 22 are plainly improper, the objections thereto need not be deemed waived. *See generally* 8 Wright & Miller Federal Practice and Procedure § 2167, and cases cited therein.

Defendant is ordered to respond accordingly within 15 days hereof, in default of which the answer will be stricken.

So ordered.