**Mario HERRERA, Plaintiff,**

v.

**Charles J. SCULLY, et al., Defendants.**

**No. 88 Civ. 6616 (RWS).**

United States District Court,
S.D. New York.

Oct. 9, 1992.

Mario Herrera, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y. (Yvonne Powe, Asst. Atty. Gen., of counsel) for defendants.

## OPINION

SWEET, District Judge.

In this § 1983 action by plaintiff *pro se* Mario Herrera ("Herrera") against defendants Charles J. Scully, superintendent of Green Haven Correctional Facility *et al.* (collectively, "the Scully defendants"), Herrera has moved pursuant to Rules 11, 36(a), and 37, Fed.R.Civ.P., and 28 U.S.C. § 1927 for an order (1) determining the sufficiency of the Scully defendants' responses to Herrera's Request for Admissions and (2) imposing sanctions on the Scully defendants for failing to comply with the aforementioned discovery rules and this Court's pre-trial and discovery orders, and for intentionally delaying the pro-

ceedings before the Court. For the reasons set forth below, Herrera's motion to find various responses insufficient is granted in part and denied in part, and his motion for sanctions against the Scully defendants pursuant to Rules 11 and 37 and § 1927 is denied.

PRIOR PROCEEDINGS

Herrera has alleged in this action commenced on September 8, 1988 violations of his constitutional rights arising in three separate instances in which his mail was allegedly delayed, lost, given to another inmate, or withheld by the Scully defendants. Herrera has made two prior third motions disposed of in the Opinions of September 21, 1990 and January 16, 1991 filed herein, familiarity with which is assumed. *See Herrera v. Scully*, No. 88 Civ. 6616 (RWS), 1991 WL 8502, 1991 U.S.Dist. LEXIS 571 (S.D.N.Y. Jan. 16, 1991); *Herrera v. Scully*, No. 88 Civ. 6616 (RWS), 1990 WL 144852, 1990 U.S.Dist. LEXIS 12473 (S.D.N.Y. Sept. 21, 1990).

In the Opinion of September 21, 1990, denying Herrera's motion to compel discovery and impose sanctions against the Scully defendants, the Court noted that:

Herrera's objection to the State's handling of this case is not without merit. A review of the file indicates poor management in the transition of these cases and extensive delays because of the transfers of this less than complex case from one counsel to another. Although Herrera's motion for sanctions will be denied at this time, if this case fails to proceed expeditiously and the delay is attributable to the Scully defendants, Herrera will be allowed to renew his motion for sanctions at the end of this case.

*Herrera*, 1990 WL 144852, at *3, 1990 U.S.Dist. LEXIS 12473, at *7.

In the Opinion of January 16, 1991, the Court ordered that discovery was to be completed within sixty days and a pretrial order was to be filed by April 3, 1991. *Herrera*, 1991 WL 8502, at *3, 1991 U.S.Dist. LEXIS 571, at *6. On February 18, 1991, Herrera served a second set of interrogatories ("Interrogatories") on the Scully defendants. Herrera received the Scully defendants' responses to the Interrogatories on March 28, 1991. On April 11, 1991, upon a request for an extension of time, the Court ordered the parties to complete discovery by May 15, 1991 and to submit trial briefs and a joint proposed pretrial order to the Court by May 22, 1991.

On April 19, 1991 Herrera served the Scully defendants with a request for admissions (the "Request"). After corresponding with Herrera, the Scully defendants sent their response (the "Response") to the Request to Herrera, and on June 20, 1991, the Court dismissed this action because Herrera had failed to comply with the April 11, 1991 Order requiring the parties to submit a joint pretrial order and trial briefs by May 22, 1991.

By letter to the Court dated September 16, 1991, Herrera informed the Court of his serious health condition that had prevented him from complying with the Order of April 11, 1991 and requested permission to move to vacate the Court's Order of Dismissal. The Court treated Herrera's letter as a motion to vacate, which was denied with leave to renew within thirty days upon the submission by Herrera of a satisfactory pretrial order setting forth the exhibits and witnesses upon which he intends to rely should this case go to trial.

In a letter to the Court dated October 25, 1991, Herrera submitted a pretrial order. The Court found that this pretrial order satisfied the requirements of the April 11, 1991 Order of the Court and treated Herrera's letter as a motion to vacate the Court's June 20, 1991 Order of Dismissal. The Court granted this motion to vacate in a Memorandum Opinion dated November 11, 1991.

DISCUSSION

*I. Rule 37 Motion for Admissions and Sanctions*

Herrera's Request required responses by the Scully defendants regarding the truthfulness and accuracy of 125 statements about various documents and facts.[1] Spe-

1. The Request is divided into three parts, each part corresponding to a section of Herrera's

cifically, Herrera alleges that the responses provided by the Scully defendants are "intentionally insufficient," "evasive," "fabricated," "perjured," and they demonstrate that "a good faith effort was not made to obtain the 'obvious and approp[r]iate answers' to the requests, thereby illustrating a blatant disregard for this Court's discovery orders[ ] and the mandates of the Federal Rules of Civil Procedure[ ] Rule 36(a)." Herrera Mem. 7.

### A. Standard of Review Under Rule 36

■ Rule 36 governs the pretrial discovery process whereby a party to an action may request of other parties admissions regarding the truth of any matter within the scope of Rule 26(b). Rule 36(a) sets forth the following criteria that an adequate response to a request for admissions must satisfy:

> If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or *set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.* A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.

Fed.R.Civ.P. 36(a) (emphasis added).

Additionally, "a party may not refuse to admit or deny a request for admission based upon a lack of personal knowledge if the information relevant to the request is reasonably available to him. 8 C. Wright & A. Miller, *Federal Practice and Procedure,* § 2261, at 731 (1970)." *Asea, Inc. v. Southern Pac. Transp. Co.,* 669 F.2d 1242, 1245 (9th Cir.1981). In the context of requests for admissions, "reasonable inquiry"

> includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well.

*Diederich v. Department of Army,* 132 F.R.D. 614, 619 (S.D.N.Y.1990). *See also Dubin v. E.F. Hutton Group Inc.,* 125 F.R.D. 372, 374 (S.D.N.Y.1989).

■ A party who fails to respond to a request for admission in violation of Rule 36 is liable to the requesting party under Rule 37(c) for reasonable expenses, including attorney's fees, upon a showing by the requesting party of the genuineness of the document or the truth of the matter that was the subject of the request for admission. An attorney who fails to respond properly to a request under Rule 36 is also subject to sanctions under Rule 26(g). *See Apex Oil Co. v. Belcher Co. of New York, Inc.,* 855 F.2d 1009, 1014 (2d Cir.1988).[2]

■ Furthermore, Rule 37(c) sanctions are mandatory unless the court finds that one of four exceptions applies to the party failing to admit. Rule 37(c) sets forth those exceptions as follows:

> The court *shall* make the order unless it finds that (1) the request was held objec-

---

Complaint. Each part is then subdivided into sections: Part I has eight sections and Parts II and III each have nine sections. Each section consists of between two and twenty related statements for which an admission is requested. In the discussion below, *statements in the Request are referred to in the form of, e.g., I–A(i),* which identifies the part number as "I," the section number as "A," and the specific statement for which an admission is requested as "i."

**2.** In *Apex Oil,* the Second Circuit advised district courts to refer to case law under Rule 11 when moved to sanction attorneys under Rule 26(g). *See id.* at 1015. The Advisory Committee's note to the 1983 amendment of Rule 26(g) identifies the compatibility of this rule with Rule 11: "Rule 26(g) 'parallels the (1983) amendments to Rule 11' and attorney's compliance with Rule 26(g) is measured by 'objective standard similar to the one imposed by Rule 11.' " *Id.*

tionable pursuant to Rule 36(a), or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had reasonable ground to believe that the party might prevail on the matter, or (4) there was other good reason for the failure to admit [emphasis added].

*See Dorey v. Dorey,* 609 F.2d 1128, 1134–35 (5th Cir.1980); *Bradshaw v. Thompson,* 454 F.2d 75 (6th Cir.1972), *cert. denied,* 409 U.S. 878, 93 S.Ct. 130, 34 L.Ed.2d 131 (1972); *U.S. v. Campbell,* 13 Fed.R.Serv.3d 555, 556, 1988 WL 155929 (N.D.Tex.1988). However, "the severity of the sanctions should be tempered by a consideration of the equities of the situation, and ... such sanctions may be wholly inappropriate absent an earlier order of the Court" to provide or permit discovery. *Williams v. Krieger,* 61 F.R.D. 142, 145 (S.D.N.Y.1973). *Accord Balistrieri v. Holtzman,* 55 F.R.D. 470, 472 (E.D.Wis.1972).

### B. *Herrera's Request*

■ As a threshold matter, a court must determine whether the statements set forth in a request for admissions satisfy the formal requirements of Rule 36:

> "(e)ach request for admissions must be direct, simple and 'limited to singular relevant facts,'" *United States v. Consolidated Edison Co.,* 1988 WL 138275 (E.D.N.Y. [Dec. 15, 1988]) (*quoting S.E.C. v. Micro–Moisture Controls,* 21 F.R.D. 164, 166 (S.D.N.Y.1957)), so that "it can be admitted or denied without explanation." [8 C. Wright & A. Miller,] *Federal Practice and Procedure,* § 2258 [(1970)]. A request "should not state 'half a fact' or 'half-truths' which require the answering party to qualify responses." *Havenfield Corp. v. H & R Block, Inc.,* 67 F.R.D. 93, 96–97 (W.D.Mo.1973).

*Dubin,* 125 F.R.D. at 375–76. *See also Thalheim v. Eberheim,* 124 F.R.D. 34, 35 (D.Conn.1988) (court must consider phraseology of requests as carefully as that of answers or objections).

After reviewing the statements in Herrera's Request, the Court finds that the Request satisfies the formal requirements of Rule 36.[3]

### C. *The Scully Defendants' Response to the Request*

The Scully defendants' responses to Herrera's Request, which are the subject of this motion, can be categorized according to the kinds of responses given and to the time when those responses were given. First are the omitted responses. This includes those statements in the Request to which no responses have been given and those statements to which responses were given only later in the Affirmation. Second are the responses in which the Scully defendants neither admit nor deny the truthfulness of the proffered statement or the accuracy of the proffered document. Some of these responses are qualified in the Response, others are qualified in the Affirmation, and still others never have been qualified or explained. Finally, there are those responses that deny the truthfulness of statements for which an admission was requested. Each of these categories is considered in turn below.

#### 1. *Omitted Responses*

■ In their Response to Herrera's Request, the Scully defendants did not respond to statements I–B(iv), I–C(iv), and II–I(8). In the Affirmation, the Scully defendants claim that the responses were inadvertently omitted and now amend these omissions by admitting the truth of each of the statements. The Scully defendants did not respond to statements I–H(7), II–A(i), II–A(ii), II–A(iii), II–A(iv), and III–B(iii) in either their Response or Affirmation.

A response to a request for admission is inadequate when the respondent fails to make the requested admission and none of the relevant exceptions set forth in Rule 37(c) apply; that is, where a responding party objects to a proper request for admission, makes an evasive denial (*i.e.,* one that does not specifically deny the matter), or makes a response that does not set forth

---

**3.** This finding is qualified below by noting that statements I–H(2), I–H(18), I–H(19), I–H(20), II–H(ii), II–I(12), III–D(ii), and III–I(1) required the Scully defendants to make admissions regarding information known primarily or exclusively by Herrera.

*"in detail"* the reasons why the answering party cannot truthfully admit or deny the matter. *See* Fed.R.Civ.R. 36(a); *Asea,* 669 F.2d at 1245; *Havenfield Corp.,* 67 F.R.D. at 96–97. When a response does not comply with the literal requirements of Rule 36(a), this Court has the discretion to deem the statement admitted. *See Asea,* 669 F.2d at 1245.

The Court has previously held that "properly stated requests under Fed. R.Civ.P. 36(a) are to be deemed admitted in the absence of a formal response by the opposing party." *De Leon v. Ramirez,* 465 F.Supp. 698, 701 (S.D.N.Y.1979).

Given the failure of these omitted responses to comply with the Rule 36(a), the Court is justified in exercising its discretion and deems that statements I–H(7), II–A(i), II–A(ii), II–A(iii), II–A(iv), and III–B(iii) are admitted by the Scully defendants pursuant to Rule 36(a).

### 2. Responses that Neither Admitted Nor Denied the Truth

 In the Response to the Request, the Scully defendants responded by neither admitting nor denying the truth of statements I–H(2), I–H(9), I–H(13), I–H(18), I–H(19), I–H(20), II–I(1), II–I(7), II–I(12), II–I(13), III–D(i), III–D(ii), III–H(iii), III–I(1), III–I(4), III–I(6), and III–I(9). This response was also contained in qualified responses to statements I–H(14), II–H(ii), III–I(8)[4], III–I(11), and III–I(16). In every instance where this response was given by the Scully defendants, no additional explanation or clarification was offered to justify the use of this response for these statements.

In their Affirmation, the Scully defendants distinguished between two types of statements in the Request to which the "neither admit nor deny" response was given: "statements of what plaintiff himself did, saw, heard, received or was told out-side the presence of any of the defendants and about which the defendants could have no personal knowledge," Scully Affirm. ¶ 23, and statements "in which defendants had previously indicated, either in response to interrogatories or previous affidavits, that they had no personal recollections of the events alleged." Scully Affirm. ¶ 24.

The Scully defendants state further that "[w]hile defendants [*sic*] responses to the allegations in this [second] category could have been clarified with further explanation, it is submitted that plaintiff was well aware that the defendants had in the past indicated that they or others had no recollection regarding the occurrences alleged." Scully Affirm. ¶ 25. They then explain the reasons for their responses to statements I–H(9), II–I(7), and III–I(4), and offer further clarifications of their responses to statements III–I(8) and III–I(9). Scully Affirm. ¶ 26.

With regard to the classification of the statements based on knowledge and information available only to Herrera, the Scully defendants have misdescribed statements I–H(13) and I–H(14). *See* Scully Affirm. ¶ 23. Those statements read as follows:

13. That Kay Wysocki, Calculations Clerk, Sally Pennzetta, Senior Account Clerk, and Correction Officer Carolyn Brown, [l]egal mail officer worked in the Inmates Accounts unit, and designated themselves to: (1) process disbursements randomly; and (2) if an inmate lacked sufficient funds in his account, hold the legal mail until the inmate had sufficient funds to cover the transaction [*sic*]. That Raimo knew what was [*sic*] the causes and delay of processing legal mail, but withheld such information from plaintiff, and the Grievance Committee during the hearing.

14. That Raimo did reveal these facts to defendants Scully and Winch, and that Winch did notify plaintiff that the prob-

---

**4.** Statement III–I(8) was treated in a confusing manner within the Response. In ¶ 1, the Scully defendants admit the truth of the statement, and then in ¶ 8, they return to the statement and add the qualification that they neither admit nor deny the truth of the first sentence. *See* Scully Affirmation, Ex. B, 2–3.

lem was recognized and was being corrected.

Statement I–H(13) required a more detailed response than "[n]either admit nor deny the truth of the statement[ ] contained in ... H–13." Scully Affirm. Ex. B, 1. This response cannot be justified on the ground that the facts referred to were of such a nature that "defendants could have no personal knowledge" of them. Scully Affirm. ¶ 23.

Given the inadequacy of the "neither admit nor deny" responses proffered by the Scully defendants in their Response to the Request, the Court finds the responses to statements I–H(13), I–H(14), II–I(1), II–I(6), II–I(13), III–D(i), III–H(iii), III–I(6), III–I(11), and III–I(16) to be insufficient. Because the Scully defendants did offer an explanation of the insufficiency of these answers in their Affirmation, principles of equity prevent the Court from deeming these statements admitted at this time. Rather, the Scully defendants are required to provide sufficient explanations and clarifications of their original responses to each of these statements, and their failure to do so within twenty (20) days will result in the Court deeming these statements admitted.

Notwithstanding the inadequacy of the Response to requests I–H(2), I–H(18), I–H(19) I–H(20), II–H(ii), II–I(12), III–D(ii), and III–I(1), principles of equity prevent the Court from deeming them admitted because these statements address facts that are primarily or exclusively within the knowledge of Herrera and should be left to Herrera prove up at a later time.

### 3. Responses that Denied the Truth

■ In the Response, the Scully defendants denied the truthfulness of statements I–G(ii), I–H(8), I–H(12), II–I(2), II–I(5), II–I(9), III–H(iv), III–I(15), III–I(18), and III–I(19). They also denied parts of statements II–I(6) and III–I(7). Herrera asserts that these denials are unjustified and offers a variety of documents to support his claim. These are the same documents that he provided the Scully defendants with as exhibits annexed to the Request.

At this stage in the proceedings, it would be premature to assess the sufficiency of these denials without giving the Scully defendants the opportunity to submit their complete evidence to the Court on a motion for summary judgement or at trial to establish that they have good faith arguments supporting these denials. The burden of proof is on the Scully defendants to show that, at the time they responded to the Request, they had good faith reasons to believe that they would succeed in proving the falsity of the statements they denied therein.

Therefore, Herrera's motion to find the Scully defendants' responses to statements I–G(ii), I–H(8), I–H(12), II–I(2), II–I(5), II–I(6), II–I(9), III–H(iv), III–I(7), III–I(15), III–I(18), and III–I(19) insufficient and deem these statements to be admitted must be denied.

In light of the various equitable considerations in the matter at hand, Herrera's request for further relief and the imposition of sanctions against the Scully defendants pursuant to Rule 37, beyond those mentioned above, must also be denied. *See Williams*, 61 F.R.D. at 145; *Balistrieri*, 55 F.R.D. at 472.

### II. Motion for Section 1927 Relief

Herrera also moves for sanctions against the Scully defendants pursuant to § 1927 on the ground that they acted in bad faith by purposely delaying the proceedings "by ... lying to plaintiff and the Court." Herrera Mem. 10.

■ The general rule in federal courts is that a litigant cannot recover his counsel fees. This general rule is suspended, however, when the opposing party to an action has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). *Accord Eastway Constr. Corp. v. City of New York*, 762 F.2d 243, 253 (2d Cir.1985), *cert. denied* 484 U.S. 918, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); *Oliveri v. Thompson*, 803 F.2d 1265, 1271 (2d Cir. 1986); *cert. denied sub nom., County of*

**552**

*Suffolk v. Graseck,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987).

■ Section 1927 imposes liability on counsel for the creation of excessive costs in an action:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Section 1927 imposes upon counsel the responsibility to act in good faith throughout all phases of a legal action and is specifically designed to deter bad-faith conduct by any attorney, *Apex Oil,* 855 F.2d at 1013. *See also Hall v. Cole,* 412 U.S. 1, 15, 93 S.Ct. 1943, 1951, 36 L.Ed.2d 702 (1973) (" 'Bad faith' may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation.").

■ As was noted above, the proceedings in this action have moved forward at an extremely slow pace. However, both the Scully defendants and Herrera are responsible to varying degrees for this delay. Herrera's unfortunate sickness, which resulted in the action being dismissed and in the Scully defendants' failure to respond to his correspondence, as well as his failure to appropriately identify the exhibits annexed to the Request, have contributed more to the most recent delays than have factors within the control of the Scully defendants. Further delay has been caused by and further resources expended as a result of the Scully defendants' failure to respond satisfactorily to Herrera's Request, which failure necessitated this motion.

However, there is no evidence submitted that establishes that the Scully defendants have acted with the requisite bad faith to trigger § 1927 sanctions. *See, e.g., Greenberg v. Hilton Int'l Co.,* 870 F.2d 926 (2d Cir.1989) (bad faith conduct existed when plaintiff initiated a second round of pre-trial discovery and demanded that defendant produce 7000–10,000 documents).

### III. Motion for Rule 11 Sanctions

■ Herrera also moves for sanctions to be imposed against the Scully defendants pursuant to Rule 11, Fed.R.Civ.P. Rule 11 requires an attorney to make a "reasonable inquiry" to determine that pleadings, motions, and other papers are "well grounded in fact" and "warranted by existing law" or constitute "a good faith argument for the extension, modification, or reversal of existing law," and that they are not interposed for the purpose of harassment or delay.

In the context of requests for admissions, Rule 11 sanctions are triggered when a party fails to admit facts that are known to the party or are ascertainable through reasonable inquiry by the party. *See Diederich,* 132 F.R.D. at 619; *Dubin,* 125 F.R.D. at 374. In such instances, an attorney signing the response to a request for admissions and the represented party are subject to sanctions.

■ As with Herrera's request for § 1927 sanctions, this request for Rule 11 sanctions is premature because the Court is not in a position to make a definitive finding pursuant to the Rule without having the complete evidence of the Scully defendants before it. Furthermore, the evidence offered by Herrera in support of this motion does not demonstrate that the Scully defendants have either failed to make an objectively reasonable inquiry or given negative responses for which no basis was disclosed by such an inquiry.

The Scully defendants' Response does not reach the threshold required by the Second Circuit that it be "patently clear that the claim has absolutely no chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *Eastway Constr. Corp.,* 762 F.2d at 254. *Accord Cook Chocolate Co. v. Salomon, Inc.,* 748 F.Supp. 122, 130 (S.D.N.Y.1990). The finding that certain responses to a request for admissions are

insufficient does not in and of itself trigger Rule 11 sanctions. *See Local 144 v. C.N.H. Management Assocs., Inc.,* 752 F.Supp. 1195, 1207 (S.D.N.Y.1990). Therefore, Herrera's motion for sanctions against the Scully defendants pursuant to Rule 11 is denied.

CONCLUSION

For the reasons set forth above, Herrera's motion to find insufficient the responses given by the Scully defendants to statements I–H(7), I–H(9), I–H(13), I–H(14), II–A(i), II–A(ii), II–A(iii), II–A(iv), II–I(1), II–I(6), II–I(7), II–I(13), III–B(iii), III–D(i), III–H(iii), III–I(4), III–I(6), III–I(8), III–I(9), III–I(11), and III–I(16) is granted, and statements I–H(7), II–A(i), II–A(ii), II–A(iii), II–A(iv), and III–B(iii) are deemed admitted by the Scully defendants pursuant to Rule 36(a).

The Scully defendants are ordered to provide sufficient responses to statements I–H(9), I–H(13), I–H(14), II–I(1), II–I(6), II–I(7), II–I(13), III–D(i), III–H(iii), III–I(4), III–I(6), III–I(8), III–I(9), III–I(11), and III–I(16) within twenty (20) days of the date of this Opinion.

Herrera's motion to find other responses by the Scully defendants to be insufficient is denied, and Herrera's motion for the imposition of sanctions pursuant to Rules 11 and 37 and § 1927 is denied with leave to renew as future developments warrant.

The action is placed upon the ready trial calendar.

It is so ordered.