In re M & L BUSINESS MACHINE COMPANY, INC., Debtor.

Christine J. JOBIN, Trustee for the Estate of M & L Business Machine Co., Inc., Plaintiff,

v.

Peter KLOEPFER and Robert Joseph, Defendants.

Civ. A. No. 95–K–250.
Bankruptcy No. 90–15491 CEM.
Adv. No. 92–2185 RJB.

United States District Court,
D. of Colorado.

June 26, 1995.

Christine Jobin, Trustee, Denver, CO, for plaintiff.

Craig Weinberg, Boulder, CO, for defendants.

## MEMORANDUM DECISION ON APPEAL

KANE, District Judge.

Defendant Peter Kloepfer, Esq. appeals from a June 1993 bankruptcy court order sanctioning his counsel under Fed.R.Civ.P. 37(a)(4) for filing a motion to compel without "substantial justification." The motion, filed less than two weeks before the case was set for trial, challenged the adequacy of the responses provided by the trustee for the estate of M & L Business Machine Co., Inc. (Trustee) to certain requests for admission and interrogatories propounded by Kloepfer in written discovery served in December and January 1992. Specifically, Kloepfer complained that the Trustee denied certain requests for admission for lack of information without making reasonable inquiry as required by Rule 36, and refused to provide meaningful responses to interrogatories posited after the requests for admission which sought (1) the factual basis for specific alle-

gations in the Trustee's complaint; (2) the identification of witnesses who could support those facts; and (3) the identification of documents that supported those facts. (R. Vol. I, Doc. 26, Attach. 1.) The Trustee objected to the interrogatories on grounds "requests for admission can be admitted or denied without explanation," citing *Kasar v. Miller Printing Machinery Co.*, 36 F.R.D. 200, 202 (D.W.D.Penn.1964), and directed Kloepfer "pursuant to Fed.R.Civ.P. 33(c)" to "all documents, not subject to privilege, in the Trustee's custody and/or control with regard to [defendant's] account," (R. Vol. I, Doc. 26, Attach. 1), and "all documents in Plaintiff's possession which have been made available previously." (*Id.*, Attach. 2.)

The bankruptcy court sustained the Trustee's objection and denied Kloepfer's motion to compel in an order issued April 28, 1993. (R. Vol. I, Doc. 45 at 1.) On June 28, 1993, the court issued a one-page order summarily finding Kloepfer's motion was not "substantially justified," and awarded the Trustee $1,000 in fees and expenses incurred defending against it. (R. Vol. I, Doc. 53.) This court denied Kloepfer's motion for interlocutory appeal pursuant to Fed.R.Bankr.P. 8003(b), and the case proceeded in the bankruptcy court until the parties reached a settlement on March 28, 1995. (*Id.*, Doc. 108.)

Kloepfer now appeals from the April 28 and June 28 orders under 28 U.S.C. § 158, contending the bankruptcy court applied an erroneous legal standard in denying his motion to compel and abused its discretion in sanctioning him for filing it. I agree.

*DISCUSSION*

■ The bankruptcy court concluded "the rules governing requests for admission provide that requests must be a plain statement of a fact, which fact may be admitted or denied without explanation." (R. Vol. I, Doc. 45 at 1.) To the extent this suggests a party may refuse to admit or deny matters not purely factual, and may refuse to describe or explain the factual and legal bases for her denials or the allegations in her complaint set forth in separate and otherwise proper inter-

rogatories, the conclusion is clearly erroneous.

■ Rule 36 governing requests for admissions was amended in 1970 to eliminate the requirement that matters for which admissions are sought be exclusively "of fact." Fed.R.Civ.P. 36, Advisory Committee Note; *see generally* 8A C. Wright, A. Miller & R. Marcus, *Federal Practice and Procedure* § 2254–56 (2d ed. 1994). The change made clear that parties to whom requests are directed may be asked to admit or deny any matters within the scope of Rule 26(b) that relate to "statements or opinions of fact" or "the application of law to fact," and may not object to requests on grounds they go to a disputable matter presenting a genuine issue for trial. Fed.R.Civ.P. 36, Advisory Committee Note; Wright & Miller, *supra*, § 2262 at 562. The 1964 *Kasar* case, upon which the Trustee based her objections, and which held that requests for opinions or conclusions "are not proper and are not required to be answered," has not been good law for 25 years. The bankruptcy court erred as a matter of law in sustaining the Trustee's objections premised on *Kasar*.

■ The bankruptcy court also erred in holding the Trustee could not be asked in follow-up interrogatories to explain the factual basis for her denials. While it is true requests for admission should be phrased simply and directly so they can be admitted or denied "without explanation," *see* Wright & Miller, *supra*, § 2258 at 546–47 (citations omitted), this principle is intended to guide the party drafting such requests, not shield the party to whom the requests are directed from otherwise proper interrogatories. The principle provides that requests should be drafted so they can be answered "yes, no, the answerer does not know, or a very simple direct explanation given as to why he cannot answer"; requests stating half-facts or half-truths that require the answering party to qualify its responses are objectionable. *Id.* at 547, *applied in Herrera v. Scully*, 143 F.R.D. 545, 549 (S.D.N.Y.1992).

■ With four exceptions,[1] the Trustee did not object to Kloepfer's requests for admis-

---

1. The Trustee objected to Requests for Admission

Nos. 3, 4, and 5 in Kloepfer's first set of discov-

sion but denied them unequivocally. Instead, the Trustee invoked the principle requiring direct and simple phrasing of requests for admission to object to separately drafted *interrogatories* seeking the factual basis of the allegations in her complaint. Such interrogatories are entirely proper under Fed.R.Civ.P. 33 and the Trustee's objections to them should not have been sustained.

■ Nor should the bankruptcy court have sustained the Trustee's objections based on Rule 33(c) (now Rule 33(d) under the rules as amended in 1993), which permits a party served with an interrogatory to specify the business records from which the answer may be obtained when the burden of ascertaining the answer is substantially the same for both sides. Here the Trustee directed Kloepfer to "all documents, not subject to privilege, in the Trustee's custody and/or control with regard to [defendant's] account." (R. Vol. I., Doc. 26, Attach. 1.) As I stated in my opinion in another M & L adversary proceeding involving the Trustee, "such a response is inappropriate." *Jobin v. Bank of Boulder (In re M & L Business Machine Co., Inc.),* 167 B.R. 631, 635 n. 3 (D.Colo. 1994) (granting Bank of Boulder's motion to compel responses to similar interrogatories).

Rule 33(d) targets situations in which the interrogatory would "require a party to engage in a burdensome or expensive search into *his own business records* in order to give an answer." Fed.R.Civ.P. 33 Advisory Committee Notes (emphasis added). The records to which the Trustee referred Kloepfer, including third-party expert reports, were not the Trustee's business records and the Rule did not apply.

■ Finally, I find the bankruptcy court erred in sustaining the Trustee's objections to Kloepfer's Requests for Admission 3, 4, and 5 on grounds she lacked sufficient knowledge to admit or deny and would supplement her answers after Kloepfer filed his responses to her first set of discovery. (R. Vol. I, Doc. 45.) An answering party may not give lack of information or knowledge as a reason for refusing to admit or deny unless the party states it has made reasonable inquiry and that the information known or readily obtainable by it is insufficient to enable it to answer. Fed.R.Civ.P. 36, Advisory Committee Note; Wright & Miller, *supra,* § 2261, *applied in Herrera,* 143 F.R.D. at 548. Kloepfer's requests sought the bases for the Trustee's allegations that he was a "private investor," was not a "private lender," and "was not a broker." It is absurd for the answering party to assert, as the Trustee did here, that the "reasonable inquiry" requirement can be met by propounding the *same* questions she was asked to the requesting party in her own set of written discovery. This practice turns the "lack of knowledge" objection on its head and is particularly egregious where, as here, it comes from the plaintiff in an action who, under Rule 11, may not bring claims in the first instance without having some "evidentiary support" for them.

■ The motion to compel should have been granted. The bankruptcy court's orders denying Kloepfer's motion and sanctioning him for filing it were erroneous and an abuse of discretion. Accordingly, the bankruptcy court's Order granting the Trustee's Motion for Award of Attorney's [sic] Fees and Expenses Incurred in Opposition to the Defendant's Motion to Compel Discovery Filed March 5, 1993 is REVERSED. The defendant is awarded his costs in taking this appeal.

---

ery, asserting lack of knowledge and indicating she would supplement her responses after receiving Kloepfer's responses to her first set of discov-

ery. The Trustee objected to Request No. 6 on grounds it was "unclear."