Marie N. ABBOTT, et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. 96–CV–0510.

United States District Court,
N.D. New York.

Dec. 15, 1997.

O'Connor, Gacioch Law Firm, Binghamton, NY (Thomas F. O'Connor, of counsel), Ball, Janik Law Firm, Portland, OR (Neil D. Kimmelfield, of counsel), for Plaintiffs.

U.S. Department of Justice, Tax Division, Washington, DC(Alan M. Shapiro, of counsel), for Defendant.

## MEMORANDUM–DECISION & ORDER

McAVOY, Chief Judge.

### I. BACKGROUND

Pending before the Court is an appeal by the United States of a nondispositive Order of Magistrate Judge David N. Hurd dated September 12, 1997. In that Order, Judge Hurd denied the United States' request for relief from plaintiffs' discovery demands, and ordered that the United States respond to plaintiffs' written requests within ten (10) days. Thereafter, Judge Hurd stayed enforcement of the Order pending a decision by this Court of the government's appeal.

According to the government, plaintiffs' requests for admissions and interrogatory are improper because they consist of hypothetical fact situations unrelated to the facts of the case. As such, the government argues that plaintiffs' written discovery requests amount to inappropriate requests on pure questions of law.

Plaintiffs, by contrast, assert that their written discovery requests seek to discover information regarding the government's legal contentions and the factual bases for those contentions. Simply put, plaintiffs characterize their requests as permissible contention interrogatories.

For the reasons that follow, the Court VACATES the September 12, 1997 Order of the Magistrate Judge insofar as it requires the government to respond to plaintiffs' requests for admissions and interrogatory.

### II. DISCUSSION

Fed.R.Civ.P. 72(a) states that within ten (10) days of being served with a magistrate judge's order on a nondispositive issue, a party may file objections to the order. The district judge to whom the case is assigned "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a).

At issue in this case are plaintiffs' requests for admissions that require an application of law to hypothetical facts, and a related interrogatory of plaintiffs that requests the government, in the event that it does not admit the plaintiffs' requests for admissions, to explain the factual and legal bases for its denials.

■ Rule 36(a) of the Federal Rules of Civil Procedure governs requests for admissions, and provides that a party may serve a request for admission relating to the "application of law to fact." The Advisory Committee Note to the 1970 amendments of Rule 36(a) further explains that a request to admit may concern "matters involving 'mixed law and fact.'" What is improper under Rule 36, however, is a request to admit a pure matter of law. *See, e.g., Diederich v. Department of the Army*, 132 F.R.D. 614, 617 (S.D.N.Y. 1990). 8A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2255, at 534 (2d ed.1994).

Rule 33 of the Federal Rules of Civil Procedure governs the use of interrogatories. Like requests for admissions, "an interrogatory is not objectionable merely because it calls for ... the application of law to fact." Fed.R.Civ.P. 33(c)(5) advisory committee notes. However, as with requests for admissions, "interrogatories may not extend to issues of 'pure law,' *i.e.*, legal issues unrelated to the facts of the case." *Id.*

■ This case concerns the taxability of certain lump-sum payments that IBM paid to employees who participated in a downsizing program in exchange for a release by the employees of tort and non-tort claims. Plaintiffs' requests for admissions and interrogatory do not, however, relate to the facts of this case. As an example, one of plaintiffs' requests for admissions, which is similar in form to the other requests, states as follows:

**Payor does not know payor might be liable to him for damages.** Assume the following facts: Trespasser falls into a concealed hole on land in State X belonging to Landowner. Trespasser is unaware that Landowner owed any duty of care to Trespasser, and Trespasser assumes that he has no cause of action against Landowner.

Landowner is aware that some courts in State X have held landowners liable to trespassers for injuries resulting from concealed hazardous conditions on the land. In order to avoid the risk of liability, Landowner offers a payment to Trespasser in exchange for a release of personal injury claims. Trespasser accepts the offer, considering the repayment to be an act of generosity by Landowner.

Admit that the payment is excludable under I.R.C. § 104(a)(2) even though Trespasser was unaware of his potential legal rights against Landowner at the time he signed the release and received payment.

The defect of this request is plain—plaintiffs have attempted to have the Government respond to a legal question unconnected to the facts of the case at bar. *See, e.g., Audiotext Communications Network, Inc. v. U.S. Telecom, Inc.*, 1995 WL 625744 (D.Kan.1995) (stating that requests for admissions that seek abstract opinions of the law or opinions of law unrelated to the facts of the case are improper); *Storck USA, L.P. v. Farley Candy Co., Inc.*, 1995 WL 153260 (N.D.Ill.1995) (espousing that "hypothetical questions" are not within purview of Rule 36); *Ransom v. United States*, 8 Cl.Ct. 646, 647 (1985) (same); *Williams v. Krieger*, 61 F.R.D. 142, 144 (S.D.N.Y.1973) (recognizing that although interrogatories requiring application of law to the facts of the case are appropriate, questions seeking "pure legal conclusions which are related not to the facts, but to the law of the case" are not).

Although admittedly the boundary line is not always plain between permissible questions relating to the application of law to fact and objectionable questions relating to pure questions of law, the questions posed by plaintiffs in this case fall outside the bounds of proper discovery. Most telling is that plaintiffs have not posed proper questions requiring application of law to the facts peculiar to this case to clarify the government's legal theories; rather, plaintiffs have posed improper hypothetical factual scenarios unrelated to the facts here to ascertain answers to pure questions of law. This they cannot do.

94

Because plaintiffs' requests for admissions and interrogatory impermissibly seek to elicit opinions of law unrelated to the facts of the case, the Court vacates that portion of the Magistrate's Order requiring the government to respond to these requests and interrogatory.

## III.  CONCLUSION

For the reasons stated above, the Court VACATES the September 12, 1997 Order of the Magistrate Judge insofar as it requires the government to respond to plaintiffs' requests for admissions and interrogatory.

**IT IS SO ORDERED.**