**ALBEE HOMES, INC.**
**and**
**Albee Summit Homes, Inc.**
v.
**Meir LUTMAN.**
**Civ. A. No. 34407.**

United States District Court
E. D. Pennsylvania.
July 28, 1969.

terclaim in order to plead a release. The essential facts relating to the release are set forth in Judge Kalodner's opinion for the Court of Appeals when this case was before it on plaintiffs' appeal. 406 F.2d 11 (C.A. 3, 1969). Those facts have not altered in the meantime. It still remains true that plaintiffs waited over three years to attempt to assert a defense that was known to them from the start of the lawsuit. We thought at the time of trial, and we think now, that this is undue delay.

The mere fact that the case may not be re-tried for a few months does not obliterate the delay that has already occurred. And plaintiffs have yet, even in the motion to amend, furnished not one word of explanation or excuse for the delay. As the Court of Appeals pointed out, the Supreme Court in Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) set forth a variety of factors which will warrant denial of leave to amend. As we read *Foman*, undue delay, standing alone and not necessarily accompanied by prejudice to the opposing party, is one of those factors.

The fact is, however, that defendant would be prejudiced by allowance of the amendment. The case went to trial on the basis of our ruling, since affirmed, that plaintiffs were not entitled to show the release in defense of the counterclaim. In reliance on this ruling, defendant went to considerable effort to litigate the fraud issue on the merits and to obtain a new trial on that issue based upon an error in our charge. To vitiate now that effort by permitting an amendment five years after the start of the lawsuit would, we think, work substantial prejudice to defendant.

Finally, it is not unlikely that were the amendment to be allowed now, both sides would require substantial additional discovery at a time when the period for discovery has long since been closed.

Modell, Pincus, Hahn & Reich, by Pace Reich, Philadelphia, Pa., for plaintiffs.

Goodis, Greenfield, Narin & Mann, by Allen J. Levin, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

JOSEPH S. LORD, III, District Judge.

Plaintiffs have moved for leave to amend their answer to defendant's coun-

For the foregoing reasons, plaintiffs' motion for leave to amend their answer to defendant's counterclaim will be DENIED.

It is so ordered.