**Russell McPHAIL and J. Marion Martin, Plaintiffs,**

v.

**BANGOR PUNTA CORPORATION, a Delaware corporation, et al., Defendants.**

**Civ. A. No. 68–C–261.**

United States District Court,
E. D. Wisconsin.

March 13, 1973.

Reginald W. Nelson and G. Hans Moede, III, Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., for plaintiffs.

Steven Keane and Benn DiPasquale, Foley & Lardner, Milwaukee, Wis., for corporate defendants.

Laurence C. Hammond, Jr., and W. Stuart Parsons, Quarles, Herriott, Clemons Teschner & Noelke, Milwaukee, Wis., for defendants.

## OPINION AND ORDER

TEHAN, District Judge.

The original complaint in this action by two stockholders of Waukesha Motor Corporation against directors of that company and against Bangor Punta Corporation was filed on September 12, 1968, several months after stockholder

approval of a merger between Waukesha Motor and Bangor Punta. The complaint was amended on September 24, 1968, prior to the filing of answers, joining Bangor Punta Operations, Inc., the principal operating subsidiary of Bangor Punta, as a defendant, and alleging that Bangor Punta intended to transfer the assets and business of Waukesha Motor to the new defendant.

The complaint and amended complaint challenged the legality of the merger on three grounds, the first being that it violated State law in several respects, the second being that it violated § 14(a) of the Securities Exchange Act of 1934 and the third being that it violated § 10(b) of that Act. In connection with all three grounds, it was alleged that the proxy statement issued by the individual defendants and Bangor Punta soliciting proxies for the special meeting of stockholders at which the merger was approved was false and misleading in the following four specific respects:

(1) In indicating that the nine member Waukesha Motor board of directors negotiating and unanimously approving the merger was objective, disinterested and independent when in fact two members were Bangor Punta directors and one was designated a director of the surviving corporation;

(2) In failing to name the members of Waukesha Motor board and fraudulently concealing the relationship of two of those members to Bangor Punta;

(3) In indicating that a previous sale of Waukesha Motor treasury stock to Bangor Punta, the legality of which is disputed by the plaintiffs and the effect of which allegedly was to purport to give Bangor Punta voting power sufficient to block any other merger, was legitimate, thereby discouraging votes against the merger by overstating Bangor Punta's power;

(4) In failing to disclose the illegalities allegedly inherent in the sale mentioned in (3), which sale was allegedly voidable.

The plaintiffs' dissatisfaction with the proxy statement therefore, as disclosed by the pleadings, was limited to the non-disclosure of the identity of board members whose interests might conflict with their duties and to the non-disclosure of illegalities in Bangor Punta's purchase of stock.

Answers to the amended complaint were filed on November 12, 1968, and November 13, 1968. Prior to the filing of answers, the plaintiffs filed a motion for production of documents concerning which counsel reached agreement. Thereafter, no action was taken until a pre-trial conference was scheduled for and held on June 12, 1972. At that conference, the plaintiffs indicated they might ask leave to amend their complaint to set forth a class action, and agreed to file a motion so to do, if that was their decision, by July 10, 1972. Absent such a motion the parties agreed to complete their discovery and be prepared to identify witnesses and estimate the time necessary for trial by September 7, 1972.

At the request of counsel for the plaintiffs and without objection from counsel for the defendants, a ten day extension of the date for filing a motion to amend the complaint to set forth a class action was granted for the purpose of inquiring into the possibility of settlement negotiations. The time for completing discovery was thereafter extended twice, the second extension being until December 29, 1972.

The file contains two depositions, one, of one of the defendants, taken August 31, 1972, and the other, of one of the plaintiffs, taken October 3, 1972. The time of taking those depositions was apparently arranged by agreement of the parties.

During the week of December 18, 1972, counsel for the plaintiffs called to state that the parties were experiencing difficulties over discovery, indicating that a

conference would be helpful. One was scheduled for January 4, 1973. However, on December 20, 1972, prior to receiving notice of the conference, counsel for the individual defendants called to state that he had been served with notices for taking of several depositions scheduled for December 26, 1972, and wished to object. The court therefore held a conference on December 21, 1972, at which all parties were represented.

At the December 21, 1972 conference, counsel for the plaintiffs stated that the plaintiffs were deposing one of the defendants in the East and had not completed that deposition. They stated that the defendants were agreeable to extending the December 29th discovery deadline to complete that deposition and for no other purpose, but that that deposition revealed the need for further discovery. Because of that need and the defendants' refusal to agree to any extension, counsel for the plaintiffs noticed the taking of depositions for December 26, 1972, but were agreeable to postponement if they were given an additional sixty days for discovery.

Counsel for the defendants argued that the plaintiffs were attempting questioning during the then pending deposition far beyond the scope of the pleadings, that they had had four years in which to conduct their discovery, and that the scheduling of depositions for December 26th, 1972, three days prior to expiration of the discovery period, was untimely. They objected to any further extension of the discovery deadline except for the completion of the pending deposition.

During the conference, all counsel anticipated from their experience at the partially completed deposition that the plaintiffs' further discovery would be directed largely to matters outside the scope of the pleadings and counsel for the plaintiffs stated they would move to amend the complaint. The time limit on discovery was extended to February 20th, 1973. It was anticipated that the

scope of discovery would be greatly affected by action taken with respect to any proposed amendment.

The plaintiffs' motion to amend was filed and heard on January 4, 1973 and memoranda were filed thereafter. An order was entered on January 8, 1973 following that hearing providing that the time for completion of discovery would be extended to sixty days from decision on the motion to amend, with the defendants receiving permission to apply for additional time for discovery if the motion were granted.

The motion to amend relates solely to the allegations of deficiencies in the proxy statement. We have previously summarized those allegations as they appear in the original and amended complaints. In their proposed amendment, the defendants retain three of the objections to the proxy statement set forth in the earlier complaints, add six more and preface their itemization of deficiencies with an allegation that the statement was false and misleading in material respects "including the following, without limitation." The added allegations of deficiencies in no way relate to the earlier enumeration. They are contained in subparagraphs (d) through (i), which read as follows:

"(d) the Proxy Statement was false and misleading in describing and explaining the merger, the reasons for the merger, the negotiation of the merger, the effects of the merger on Waukesha common stock, the business of B–P, the securities of B–P, the subsidiaries of B–P, the assets of B–P, the liabilities of B–P, the stockholders' equity in B–P, the book value per share of B–P, the earnings of B–P, the unrestricted retained earnings of B–P, the financial condition of B–P, the ability of B–P to pay dividends on its common stock and alternatives for Waukesha to the merger with B–P;

(e) the Proxy Statement was false and misleading in its comparisons of B–P and Waukesha assets, earnings,

businesses, financial condition, securities, dividends and stockholders' equity;

(f) the Proxy Statement stated or implied that the current fair market value of the investment of B–P in Bangor and Aroostook Railroad Company was in excess of eighteen million dollars;

(g) the Proxy Statement failed to describe or explain the balance sheet item entitled, 'Excess of Cost Over Net Assets of Companies Acquired' which amounted to nearly twenty-nine million dollars, and represented that such purported asset had a continuing value over an indefinite period;

(h) the Proxy Statement failed to disclose the material effect on book value, retained earnings, unrestricted retained earnings and net income, which would result from reappraisal or current market valuation of the investment of B–P in Bangor and Aroostook Railroad Company and from amortization of 'Excess of Cost Over Net Assets of Companies Acquired';

(i) the Proxy Statement failed to disclose that Waukesha's financial advisor considered the stock of B–P to be a speculative investment."

Clearly, these allegations do not merely correct the plaintiffs' pleadings in order to permit a decision on the merits of the original claim. Rather, they change the nature of the lawsuit by enlarging without limitation the plaintiffs' objections to the proxy statement and raising wholly new areas of dispute.[1]

The plaintiffs urge that despite the enlargement of charges contained in the proposed amendment, their discovery can be completed within the additional sixty days granted by the court's order of January 8, 1973, and that trial preparation and the trial itself would therefore not be unduly delayed. We cannot agree. In our opinion the allowance of the proposed amendment would invite a battle of motions involving the pleadings before discovery would proceed at all, and the plaintiffs' discovery would have to await determination of the victor. For example, the defendants would surely seek clarification of allegations as broad as Paragraphs (d) and (e) and of an enumeration "without limitation" of proxy statement deficiencies where, as the plaintiffs state in their brief, the proxy statement consists of 87 pages plus approximately 50 pages of exhibits, including 36 pages of complex financial data.[2] This battle of pleadings should certainly have been waged earlier than four years after commencement of litigation where, as here, none of the new material sought to be pleaded was unavailable to the plaintiffs in the early stages of the lawsuit or prior thereto.[3] And the scope of the defendants' preparation and discovery to respond to matters which may be raised by the plaintiffs would unquestionably be expanded, perhaps also "without limitation."

■ The plaintiffs' motion is made under Rule 15(a), Federal Rules of Civil Procedure, which provides for amendment of a pleading after a responsive pleading has been served only by leave of court or written consent of the adverse party and admonishes that "leave shall be freely given when justice so re-

---

1. The proxy statement was undoubtedly furnished to the plaintiffs prior to the stockholders' meeting approving the merger and much documentation relating thereto has presumably been available to the plaintiffs since shortly after agreement was reached on the plaintiffs' amended motion for production filed November 18, 1968.

2. The plaintiffs also state in their brief that expert analysis by accountants and

investment counselors and examination of Bangor Punta records will be necessary to develop their claims, a procedure which we cannot conceive can be started and completed in sixty days and which could surely have commenced with receipt of the proxy statement after the motion to produce was filed.

3. It has not been claimed that need for the amendment was revealed by facts adduced during recent discovery.

quires." In Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the United States Supreme Court stated that the grant or denial of leave under Rule 15(a) is within the court's discretion and discussed the admonition that leave should be freely given when justice required stating that the rule contemplates the affording of an opportunity to test a claim on the merits absent any apparent or declared reason such as (1) undue delay, (2) bad faith or dilatory motive of the movant, (3) repeated failure, after opportunity is afforded, to cure deficiencies, (4) undue prejudice to an opposing party, and (5) futility of the amendment. Although these are listed as separate reasons for denial of a motion to amend, the fourth factor, undue prejudice, is ordinarily considered with the first, undue delay. In other words, undue delay alone, absent prejudice or another factor, will not generally bar a proposed amendment. See 3 Moore, Federal Practice (2d ed.) ¶ 15.08 [4], pp. 901–2. See also Green v. Wolf Corporation, 50 F.R.D. 220 (S.D.N.Y. 1970). Compare Albee Homes, Inc. v. Lutman, 47 F.R.D. 258 (E.D.Pa.1969).[4]

In exercising our discretion as to whether justice requires a grant of leave to amend, we first consider the fact that the plaintiffs have advanced no explanation for the fact that amendment was not attempted until the close of the discovery period, and, in effect, argue only that justice requires allowance of the amendment in order that their total claim, belated and incompletely investigated though it may be, may be litigated. We must then consider that the defendants do not claim prejudice by reason of having to redo discovery, or because sources of discovery have been lost due to the plaintiffs' delay. Rather, they claim that allowance of the belated amendment would prejudice them by enlarging the scope of discovery and denying their right to an inexpensive and speedy trial. They also claim that the plaintiffs' unexplained tardiness or lack of diligence alone justifies denial of the relief sought.

■ After considering carefully the arguments of counsel and the record in this case, we conclude that justice does not require that the plaintiffs be afforded the opportunity they seek to amend the complaint to challenge the proxy statement to an extent beyond the challenge presented in the first amended complaint. Although the requested allegations might have been properly inserted in the early stages of the case,[5] their insertion at the close of the discovery period, with what we are convinced would entail protracted additional discovery and a concomitant undue delay in trial, would, in our opinion, prejudice the defendants. The defendants cannot dictate the breadth of the plaintiffs' case but, after over four years, can reasonably object to a change in breadth which prevents indefinitely a decision on the merits.

The plaintiffs have pointed to this court's treatment of amendments to the complaint in Borak v. J. I. Case Company, et al., 56–C–247 as authority for their position. The first amended complaint in that action, filed one and one-half years after the original and after much discovery had been conducted, was contemplated by the parties from the beginning of the litigation after the temporary injunction was denied. Discovery was conducted with that in mind. Two amendments were made thereafter which were not claimed, as we recall, to prejudice the defendants by enlarging the factual area in dispute so as to require extensive further discovery, but rather

---

4. The *Green* amendment involved the same misconduct, excessive cash distributions, as that in the pleading sought to be amended, while the *Albee* amendment promised "substantial additional discovery."

5. The plaintiffs could even at that stage have presented a broad challenge to the proxy statement which motions directed to the pleading could have clarified. This they did not choose to do.

 

asserted new legal bases for recovery.[6] In that respect *Borak* is distinguishable from the case now before us.

Because leave to amend the amended complaint has been sought after an undue delay which will prejudice the defendants by enlarging discovery so as to delay a trial of this action on the merits,

It is ordered: That the plaintiffs' motion filed January 4, 1973, for leave to amend their amended complaint is denied.

---

6. The two complaints did include facts occurring after the prior pleadings.