**DOW CORNING CORPORATION, a Michigan corporation, Plaintiff,**

v.

**SURGITEK, INCORPORATED, a Wisconsin corporation, and Medical Engineering Corporation, a Wisconsin corporation, Defendants.**

**No. 71–C–75.**

United States District Court,
E. D. Wisconsin.

Sept. 20, 1973.

Michael, Best & Friedrich by Paul R. Puerner, Milwaukee, Wis., Merriam, Marshall, Shapiro & Klose by William A. Marshall, Chicago, Ill., for plaintiff.

Ronald E. Barry, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants have moved for permission to file an amended answer with two counterclaims in this patent suit. They also seek orders compelling further discovery pursuant to Rules 36(a) and 37(a), Federal Rules of Civil Procedure.

The defenses and counterclaims sought to be added by the proposed amendment include (a) invalidity of the patent in suit, (b) misuse and unclean hands based upon alleged fraud on the Patent Office, and (c) violations of the antitrust laws. The plaintiff does not oppose the amendment to the extent that it raises the issue of invalidity. Exception is taken, however, to the proposed addition of fraud, misuse and antitrust charges. Alternatively, should the latter amendments be allowed, the plaintiff seeks to sever and stay proceedings on the fraud, misuse and antitrust issues pursuant to Rule 21 and 42(b).

The defendants contend that the challenged proposed amendments have arisen as a result of the plaintiff's answers to the defendants' requests for admissions, filed April 23, 1973. The plaintiff counters that no information supplied in response to those requests constituted a factual revelation to the defendants. Consequently, it is urged, the defendants are unable to justify the amendments at this late date, some two years after filing of the action. Furthermore, the plaintiff suggests, the proposed antitrust amendment is defective in that it fails to allege the requisite injury or describe the relevant market.

■ I have considered the parties' positions and conclude that amendment should be allowed. The defendants' assertion that the plaintiff's response to their request for admissions was the first indication of the plaintiff's knowledge and possible use of tricot weave polyester fiber mesh prior to 1961 is entitled to consideration. In view of that assertion, I believe that the liberal amendment policies suggested in Rule 15 and the lack of prejudice to the plaintiff, other than extended discovery, militate against denial of the amendment on grounds of untimeliness. Similarly, I do not believe that the alleged shortcomings in the proposed antitrust pleading should preclude amendment; the essence of the claim is stated, and further amendment might be allowed in response to a motion directed at any inadequacy in the pleading.

■ The more serious possibility of prejudice to the plaintiff relates to the need for additional and extensive discovery on the new issues. I believe such potential prejudice will be neutralized, however, because I am granting the plaintiff's motion to sever and stay the fraud, misuse and antitrust issues, along with discovery thereon, until resolution of the infringement and validity issues.

Contrary to the defendants' assertions, I do not believe that a severance and stay will result in overlapping of discovery and duplication of proceedings. Indeed, I believe the issues are sufficiently dissimilar as to make severance a benefit to the court and the parties in terms of economy and convenience. See Alarm Device Mfg. Co. v. Alarm Products, Inc., 60 F.R.D. 199 (E.D.N.Y.1973) and cases cited therein.

■ The defendants' Rule 36(a) motion seeks an order compelling the plaintiff to admit or deny certain requests for admissions propounded by the defendants. The requests ultimately asked the plaintiff to state whether it believes that the "Snyder modification", an implantable human breast prosthesis, infringes any of the claims of the plaintiff's patented prosthesis. The plaintiff has refused to admit or deny the requests, claiming that the defendants have failed to provide sufficient information about the Snyder modification to form a conclusion with respect to the requests.

I believe the plaintiff's position is well taken. The plaintiff has sought, through interrogatories, to acquire the information concerning the Snyder modification which it claims it needs in order to answer the requests. The defendants, however, have refused this information with the assertion that the Snyder modification "obviously does not infringe any claim of the patent in suit. . . ." I do not believe that the defendants can fairly refuse to provide the plaintiff with information which the latter needs to reach a conclusion and yet demand that such a conclusion be reached. Unless allowed to make its own decision with the information now available only to the defendants, the plaintiff need not respond further to the requests.

Finally, the defendants seek to compel answers to several interrogatories propounded by them and, allegedly, not fully answered by the plaintiff.

Questions 92(a) and 92(b)(i–iii) request information relating to all prostheses produced by the plaintiff on which tricot weave polyester fiber mesh was used. The plaintiff objects to the extent that these questions cover all implantable prostheses rather than just breast prostheses, the subject of the patent. The plaintiff contends that the interrogatories are irrelevant because fiber mesh was never claimed *per se* by the patentee, information relative to breast prostheses has been supplied, and the plaintiff has admitted that the usefulness of tricot weave polyester fiber mesh was known to it prior to the application. The fiber mesh is just one of a combination of elements, and the patent covers the combination. Since the fiber

mesh is not claimed, the plaintiff urges that examination of other types of prostheses utilizing the mesh is irrelevant.

 The plaintiff correctly points out that a combination of "elements in the prior art" is patentable where the elements are arranged to achieve unobvious results. Weller Manufacturing Co. v. Wen Products, Inc., 231 F.2d 795, 798 (7th Cir. 1956). The defendants, however, are entitled to challenge whether the arrangement here was indeed unobvious. I cannot say that prior uses of the fiber mesh in other combinations comprising implantable prostheses are irrelevant to that challenge. Furthermore, the plaintiff's admission does not resolve the inquiry, for the defendants wish to explore the uses made and need not be satisfied with the admission of use.

Similarly, I believe the defendants are entitled to a response to interrogatory 102, but only to the extent that the information sought is within the plaintiff's knowledge. If, for example, the defendants seek production information concerning an element used in the combination which was procured from an independent supplier, that information, if it must come from the supplier, need not be supplied by the plaintiff.

In view of the fact that the plaintiff apparently has made all relevant documents available to the defendants, and considering the defendants' burden with respect to attacking the patent relied on, I do not believe further response to interrogatories 90 and 100 should be ordered.

As to all remaining challenged answers, I sustain the plaintiff's position. I have considered the questions propounded by the defendants, and, considering the literal meanings of those questions, I believe the plaintiff's answers are sufficient.

Therefore, it is ordered that the defendants' motion for leave to file an amended pleading be and hereby is granted.

It is also ordered that the plaintiff's motion to sever and stay proceedings, including discovery, on the fraud, misuse and antitrust issues be and hereby is granted.

It is also ordered that the defendants' motion to compel discovery pursuant to Rule 36(a) be and hereby is denied.

It is further ordered that the defendants' motion to compel discovery pursuant to Rule 37(a) be and hereby is granted, as expressed herein, with respect to interrogatories 92(a), 92(b) (i–iii) and 102; as to all other interrogatories, the motion is denied.