**In the Matter of John FORSETH, Debtor.**

**John FORSETH, Plaintiff,**

v.

**SAN TERRA DEVELOPMENT CORPORATION, Terry Ramaker, James V. Stewart, and David G. Stauffacher, Defendants.**

Bankruptcy No. MM11–81–00619.
Adv. No. 81–0883 (81–0074).

United States Bankruptcy Court,
E.D. Wisconsin.

Nov. 5, 1982.

Roger Schnitzler, Van Metre, Hanson, Clarke & Schnitzler, Madison, Wis., for debtor.

Steven J. Caulum, Bell, Metzner & Gierhart, S.C., Madison, Wis., for plaintiff.

Paul A. Croake, Ross & Stevens, S.C., Madison, Wis., for defendants.

## MEMORANDUM DECISION

CHARLES N. CLEVERT, Bankruptcy Judge.

The defendants in this adversary proceeding have asked the court for leave to amend their joint answer to include the statute of frauds as an affirmative defense and they have also asked that the complaint be dismissed on their motion for summary judgment.[1]

The complaint, filed on April 10, 1981, alleges five causes of actions: fraudulent conveyance of corporate assets; restitution and damages; conspiracy to fraudulently convey corporate assets; intentional breach of contract; and conspiracy to interfere with contractual relations.

The defendants' joint answer denied any actionable wrong but admitted that there was a transfer of corporate property and admitted the existence of an agreement between plaintiff and defendant Ramaker regarding participation in a business venture (San-Terra) for the purpose of constructing and selling condominiums in the State of Florida. In addition, the defendants counter-claimed that the plaintiff's materially false representations induced whatever agreements they entered with respect to San-Terra and that those agreements should not be enforced.

Motion to Amend the Defendants' Answer.

The defendants sought leave to amend their answer on March 23, 1982. This came approximately ten months after they filed their answer and counterclaim

---

1. This case was transferred to this court on September 2, 1981, after the presiding judge granted a motion which asked him to recuse himself.

and nearly two months after they raised the statute of frauds defense in their motion for summary judgment. The plaintiff has, therefore, urged the court to deny the motion on the grounds of undue delay and substantial prejudice.

However, the only prejudice cited by the plaintiff was that they had completed a substantial amount of discovery without an idea that they should develop evidence to defeat the statute of frauds defense.

Resolution of defendants' motion is controlled by Rule 715 of the Federal Rules of Bankruptcy Procedure, which incorporated Rule 15 of the Federal Rules of Civil Procedure with several differences which have no bearing on this case. According to Rule 15(a) a party may

> ... amend [a pleading] once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted ..., he may so amend at any time within 20 days after it is served. Otherwise a party may amend his pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

The plaintiff has acknowledged that leave to amend under the present circumstances rests within the sound discretion of the court.[2] So, in determining how to exercise that discretion, this court examined several cases from this district and circuit which were very instructive.

In the case of *Dow Corning Corp. v. Surgitek,* 61 F.R.D. 578 (E.D.Wis.1973), District Judge Myron Gordon allowed the defendants to file an amended answer and counterclaim in a two year old patent suit despite extensive discovery. Judge Gordon considered the defendants assertion that the amendments became necessary after they received plaintiff's response to their request for admissions, and concluded:

> ... that the liberal amendment policies suggested in Rule 15 and the lack of prejudice to the plaintiff, other than extended discovery, militate against denial of the amendment on grounds of untimeliness. *Id.* at 580.

In contrast with *Surgitek* is Judge Robert Tehan's decision in *McPhail v. Bangor Punta Corp.,* 58 F.R.D. 638 (E.D.Wis.1973). There the court denied the plaintiff's post discovery request to amend his complaint a second time—approximately four years after the suit was filed. Although the court observed that undue delay in the absence of other factors would not bar a proposed amendment to a pleading, it concluded that the amendment was likely to lead to additional protracted discovery and that the trial would, thereby, be unduly delayed.

In *Baker v. Chicago Fire and Burglary Detection,* 489 F.2d 953 (7th Cir.1973), an employment discrimination case, the defendant-employer raised the affirmative defense of release in support of its motion for summary judgment. There, notwithstanding Rule 8(c)[3] of the Federal Rules of Civil Procedure, under which affirmative defenses, including release and the statute of frauds, are waived if not pleaded, our circuit court sustained a district court decision which excused the defendant's failure to raise the defense in its answer. In so ruling, the court of appeals found that the defendants failure to plead the affirmative defense did not unfairly disadvantage the plaintiff.

Lastly, consideration was given to *Verhein v. South Bend Lathe,* 598 F.2d 1061 (7th Cir.1979) where the court said that

> ... the court may deny leave to amend where the proposed amendment fails to allege facts which would support a valid

---

**2.** *Zenith Radio Corporation v. Hazeltine Research,* 401 U.S. 321, 331–332, 91 S.Ct. 795, 802–803, 28 L.Ed.2d 77 (1971).

**3.** Rule 8(c) provides in pertinent part: ... In pleading to a preceding pleading, a party shall set forth affirmatively accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, and any other matter constituting an avoidance or affirmative defense.

theory of liability, *Cohen v. Illinois Inst. of Tech,* 581 F.2d 658 (7th Cir.1978), or where the party moving to amend has not shown that the proposed amendment has substantial merit. Id. at 1063

In view of those decisions this court has decided to grant defendant's motion to amend. The delay in raising the new defense in this case was substantially less than that in *Surgitek, McPhail* and *Baker,* and the only prejudice claimed by plaintiff was that they may need to conduct further discovery because the statute of frauds was not pled earlier. Nevertheless, that argument was not persuasive. A discovery deadline was never imposed in this case; it was not shown that the plaintiff will be unable to conduct additional discovery in light of the new defense; and there was no suggestion that additional discovery will be protracted or unduly burdensome.

Motion for Summary Judgment

■ The defendants, in their motion for summary judgment, contended that the complaint should be dismissed on the following grounds:

1) Forseth did not have standing to bring a fraudulent conveyance action because he was not a shareholder of San Terra;

2) Forseth's consent was not needed by Ramaker prior to transferring San Terra's property because Forseth was not a San Terra shareholder;

3) The funds advanced by Forseth constituted a loan to San Terra, not a capital contribution, so that at the most Forseth was a creditor of San Terra; and

4) The lack of written agreements to evidence any contracts between San Terra Corporation, John Forseth and David Stauffacher destroyed any basis for relief to plaintiff under the theories of breach of contract or tortious interference with contractual relations.

The court has found that the threshold issue in this case is the nature of Forseth's relationship to the defendant. Was he a shareholder in San Terra, a partner, a joint venturer or a lender?

The parties have offered voluminous documents supporting their respective positions as to the precise relationship of Forseth to San Terra and the individual defendant; plaintiff asserted the existence of a partnership and defendants contended that there was nothing more than a debtor creditor relationship. The resultant picture was reminiscent of Claude Monet's 1920's painting of Parliament overlooking the Thames—generally representative of the subject but devoid of precise detail.

The same was true regarding what the parties have termed the Stauffacher document. The affidavits, counteraffidavits, exhibits and briefs have demonstrated that there is a great deal of ambiguity concerning the Stauffacher document, e.g. whether it was a complete statement of an agreement among San Terra Corporation, John Forseth and David Stauffacher; whether there were other terms left out of the agreement; and whether it was a statement of a intention to enter an agreement in the future. Consequently, it was evident that the defendants, in their motion for summary judgment, did not show that there were no genuine issues of material facts in dispute, Rule 756 of Federal Rules of Bankruptcy Procedure, Rule 56 of Federal of Civil Procedure, 6 Moore's Federal Practice (2d Ed.) ¶ 56.15, which would enable this court to render a decision on the merits of this case. Furthermore, this court has concluded that it would be unfair and inappropriate to decide those issues which relate to the defendants' newly pleaded statute of frauds defense without giving the plaintiff an opportunity to conduct further discovery.

Now, Therefore,

The defendants' motion for summary judgment is hereby denied.