JAMES H. BOSO AND ELIZABETH J. BOSO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boso v. Commissioner
Docket No. 9387-94
United States Tax Court
T.C. Memo 1995-228; 1995 Tax Ct. Memo LEXIS 228; 69 T.C.M. (CCH) 2711; May 23, 1995, Filed *228 For petitioners: David M. Kirsch. For respondent: Elaine L. Sierra. DEAN
DEAN
MEMORANDUM OPINION DEAN, Special Trial Judge: This case was assigned pursuant to section 7443A(b)(4) of the Code and Rules 180, 181, and 183. [1]
This case is before the Court on respondent's motion to withdraw or modify deemed admissions filed on December 16, 1994, pursuant to Rule 90(f) and petitioners' motion for summary judgment filed December 23, 1994, pursuant to Rule 121. Both motions were heard at San Francisco, California, on January 17, 1995. In a statutory notice of deficiency dated March 10, 1994, respondent determined the following deficiencies in petitioners' Federal income taxes, additions to taxes, and accuracy-related penalties: Addition to Tax Penalty Year
Deficiency
Sec. 6651(a)(1) Sec. 6662(a) 1989
$ 11,101
$ 2,775
$ 2,220
1990
18,182
914
3,636
1991
17,085
436
3,417
*229 Background
Petitioners, James and Elizabeth Boso (husband and wife), were residents of San Carlos, California, at the time they filed their petition in this case. They filed their joint Federal income tax returns for the years 1989 through 1991 with the Internal Revenue Service Center at Fresno, California. On their joint returns for the years 1989, 1990, and 1991, petitioners claimed Schedule C losses in the amounts of $ 33,640, $ 55,098, and $ 51,848, respectively. Respondent determined that the claimed losses from breeding and showing West Highland White Terriers were from an activity not engaged in for profit and completely disallowed them. The deductibility of the Schedule C losses from dog breeding and showing for the stated years is the primary issue in the underlying case. In paragraph 5 of their petition filed on June 6, 1994, petitioners allege, in 145 subparagraphs, detailed facts upon which they rely as the basis of their case. Respondent filed her answer on July 19, 1994, denying most of the allegations in the petition "for lack of present knowledge or sufficient information." [2]
*230 In a letter to respondent's counsel dated 3 days after the filing of the answer, petitioners' counsel made "inquiries" which, he stated, were in accordance with Court rules on informal discovery. The letter included a request that respondent admit the truth of 117 "facts" [3] on or before August 25, 1994. In a reply letter dated July 28, 1994, respondent's counsel suggested that the parties meet on an informal basis to discuss the facts of the case "before resorting to more formal measures." Counsel suggested meeting on August 9, 1994. Some time prior to that date, at petitioners' counsel's request, the parties apparently agreed to postpone the meeting. By letter dated October 4, 1994, respondent's counsel suggested a meeting on November 1 or 2, 1994, at which she could respond "informally" to petitioners' letter requesting the 117 admissions and "to discuss matters to be included *231 in a stipulation of facts." In a letter dated October 6, 1994, petitioners' counsel confirmed that he would not expect a response to the letter requesting admissions until November 7, 1994, and stated his "preference" to have a stipulation conference only after he had received responses to the 117 requested admissions. Having received no further response to their letter requesting admissions, petitioners sent a formal Request for Admissions to respondent on November 11, 1994, asking that respondent admit the truth of 117 statements contained in the request. The 30-day period following service of the admissions request expired on December 12, 1994. Respondent neither answered nor objected to the request for admissions during the 30-day period following service. On December 16, 1994, 4 days after the due date of admissions responses, respondent filed her motion to withdraw or modify deemed admissions and lodged her proposed responses to petitioners' request for admissions. Petitioners' objection to respondent's motion and their motion for summary judgment were both filed on December 23, 1994. Premature Request for Admissions
As an initial basis for withdrawing her deemed *232 admissions, respondent argues that petitioners' request was premature under Branerton Corp. v. Commissioner, 61 T.C. 691 (1974)(parties must attempt to attain discovery through informal communication before utilizing formal discovery). Petitioners reply that Branerton does not apply to requests for admissions under Rule 90, citing Pearsall v. Commissioner, 62 T.C. 94, 95 (1974). As is made eminently clear in Odend'hal v. Commissioner, 75 T.C. 400, 403-404 (1980), since the revision of Rule 90[4] on May 1, 1979, Branerton does, indeed, apply to admissions requests and Pearsall is no longer apposite.
*233 Petitioners further argue that even if Branerton does apply, they gave respondent "ample opportunity to provide the requested information informally". But as was pointed out in Odend'hal v. Commissioner, supra, the making of informal "requests" does not satisfy the Rule. What is contemplated is "'consultation or communication,' words that connote discussion, deliberation, and an interchange of ideas, thoughts, and opinions between the parties." Id. at 404 (quoting International Air Conditioning Corp. v. Commissioner, 67 T.C. 89, 93 (1976)). In order to meet Branerton requirements of informal discovery, more is required of petitioners than the exchange by mail of lists of requested information. Here, petitioners never met with respondent to discuss, deliberate, or exchange ideas and opinions before issuing their formal request for admissions. In the letter of October 6, 1994, petitioners' counsel specifically declined to meet "for the purpose of reviewing facts and evidence" until after respondent answered his informal requests for admissions. We find petitioners' formal *234 request for admissions to have been premature under Branerton. Despite this finding, it was incumbent upon respondent to make her objection to the premature request known to petitioners and to the Court in a timely manner. Under Rule 90(c) each matter in the request is deemed admitted unless, within 30 days after service, the party to whom the request is directed admits, denies, or objects, stating the reasons for the objection. The response must be served on the other party and filed with the Court. For purposes of this case, each matter contained in the request was deemed to be admitted, since no objection or other response was made by respondent within the time period specified by Rule 90(c). Freedson v. Commissioner, 65 T.C. 333 (1975), affd. 565 F.2d 954 (5th Cir. 1978). Motion for Withdrawal of Deemed Admissions
Under Rule 90(f) "Any matter admitted under this Rule is conclusively established unless the Court on motion permits withdrawal or modification of the admission." As a ground for withdrawal or modification of her deemed admissions, respondent alleges that the failure to respond was due to "oversight". *235 The Rule permits the Court to allow withdrawal or modification of admissions upon the satisfaction of two elements: (1) Presentation of the merits of the case will be subserved; and (2) the party obtaining the admission fails to satisfy the Court that the withdrawal or modification will prejudice such party's litigation of the case. Rule 90(f). [5] We will address each of the two required elements in turn. Presentation of the Merits
In Morrison v. Commissioner, 81 T.C. 644 (1983), we held that presentation of the merits would be subserved in a case where there was only one issue in controversy and the deemed admissions dealt with the key facts in the case, which would be subject to dispute if the deemed admissions were withdrawn. [6] We concluded in Sarchapone v. Commissioner, T.C. Memo. 1983-446, *236 that the taxpayers were entitled to withdraw deemed admissions, the facts of which were alleged to be in error, where their lawyer inadvertently failed to answer the request for admissions. [7]
Petitioners argue that respondent cannot show that presentation of the merits will be subserved, because respondent has failed to indicate in her moving papers facts which tend to refute the substantive deemed admissions. Petitioners cite as authority for this proposition Chapoteau v. Commissioner, T.C. Memo. 1989-37. There *237 we stated that the first precondition to withdrawal or modification requires the moving party to indicate facts tending to refute the deemed admissions. Although the moving party is not required to "try" his case in the moving papers, he must demonstrate "a purpose other than delay, namely, the presentation of competing evidence", which can be accomplished by indicating facts or proposed evidence contrary to or inconsistent with the deemed admissions. Id.; see also New v. Commissioner, 92 T.C. 1146, 1149 (1989). Petitioners point out, correctly, that respondent's moving papers in this case fail to set forth facts tending to refute the deemed admissions. Respondent's moving papers instead assert an inability to admit or deny the deemed admissions, due to lack of knowledge. This does not end our inquiry, however. Our examination of the deemed admissions reveals that most of them concern matters the knowledge of which lies uniquely within petitioners' control. Yet petitioners' counsel declined to meet with respondent's counsel to discuss these matters, with a view to preparing a stipulation of facts, until after respondent replied to requests *238 for admissions. We conclude that in these circumstances respondent's inability to admit or deny the truth of these matters at this stage of the case does not preclude us from granting the Rule 90(f) motion. Our conclusion is supported by the reasoning of several Federal District Courts that have considered the question. In Prewitt & Sons, Inc. v. Willimon, 20 F.R.D. 149, 151 (W.D. Mo. 1957), it was stated that a party should not be required to admit the truth of facts which are exclusively within the knowledge of the party serving the request because the ascertainment of the truth or falsity of the facts sought to be admitted is not reasonably within his power. In Dow Corning Corp. v. Surgitek, Inc., 61 F.R.D. 578 (E.D. Wis. 1973), the court found that a party cannot refuse to provide the opposing party with information which the latter needs to reach a conclusion and at the same time demand an admission to the conclusion. In Herrera v. Scully, 143 F.R.D. 545, 551 (S.D.N.Y. 1992), a party responded to a request for admissions by neither admitting nor denying the statements. Many of the *239 requested admissions were statements of "what plaintiff [the party requesting the admissions] himself did, saw, heard, received, or was told outside the presence of the defendants and about which the defendants could have no personal knowledge." The court would not deem the requests admitted because the statements addressed facts primarily or exclusively within the knowledge of the plaintiff, the party requesting the admissions, and should, reasoned the court, be left to the plaintiff to prove at a later time. Those of the requested admissions in the present case which do not involve matters primarily or exclusively within the knowledge of petitioners relate to the specialized world of dog shows. To admit or deny these requested admissions might require respondent to obtain information from third parties, perhaps even from an expert. A party must make reasonable inquiry to obtain information known or readily obtainable that allows the party to fairly admit or deny. We will determine whether the standard of reasonable inquiry has been met based on the facts of the case and on our sound discretion. See Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242 (9th Cir. 1981). *240 [8]
Under the circumstances of this case, respondent's moving papers need not allege competing facts refuting the deemed admissions. We find that allowing withdrawal of the deemed admissions would subserve the "presentation of the merits" of this case. We next determine whether withdrawal or modification of the admissions would prejudice petitioners. Prejudice to Petitioners
Rule 90(f) gives the Court discretion to allow withdrawal or modification of deemed admissions if it would subserve the merits of the case, and the party obtaining the admissions (petitioners in this case) "fails to satisfy the Court that the withdrawal or modification will prejudice such party in prosecuting such party's case or defense on the merits." Petitioners allege that they will be "severely prejudiced" by withdrawal. They allege *241 delay, added expense, and additional "lengthy, laborious and costly effort to prove the matters contained in the admissions." The essence of their assertion of prejudice is that if the admissions are modified or withdrawn, petitioners will be forced to try their case on the merits. [9]
We cannot find prejudice under the Rule "merely because the party obtaining the admissions is forced to pursue his case on the merits." Morrison v. Commissioner, 81 T.C. at 648-649. The prejudice contemplated by the Rule is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth. Rather, it relates to the difficulty a party may face in proving its case, for instance, where a key witness is now unavailable or there is a "sudden need to obtain evidence with respect to the questions previously answered by the admissions." Brook Village North Associates v. General Elec. Co., 686 F.2d 66, 70 (1st Cir. 1982); *242 accord FDIC v. Prusia, 18 F.3d 637, 640 (8th Cir. 1994); Smith v. First Natl. Bank, 837 F.2d 1575, 1578 (11th Cir. 1988); Bergemann v. United States, 820 F.2d 1117, 1121 (10th Cir. 1987); Gutting v. Falstaff Brewing Corp., 710 F.2d. 1309, 1314 (8th Cir. 1983). In Hadley v. United States, 45 F.3d 1345 (9th Cir. 1995), it was held that the District Court's denial of a motion by a taxpayer to withdraw or amend deemed admissions was an abuse of discretion. The Court of Appeals found there would be no prejudice to the Government even though the motion to withdraw or amend the deemed admissions was filed after the Government had completed formal discovery. Here the parties have failed even to complete informal discovery, and there has been no suggestion that respondent's failure to timely respond to the request for admissions was other than inadvertent. Respondent's motion to modify or withdraw admissions was filed within 4 days of the date the admissions were deemed admitted. Clearly, petitioners have failed to show that during *243 that short stretch of time, they detrimentally relied on the deemed admissions, or suffered other prejudice, within the contemplation of Rule 90(f). The allegations in the admissions were similar to those contained in the petition which respondent had denied in her answer for lack of knowledge. There will be no "sudden need" for petitioners to obtain evidence if respondent's motion is granted. [10] We find, therefore, that petitioners have failed to show that they would be prejudiced by the Court's allowing respondent to modify or withdraw her admissions. Respondent's Rule 90(f) motion will be granted, and her responses lodged with the Court on December 16, 1994, will be filed. *244 Motion for Summary Judgment
We turn now to petitioners' Motion for Summary Judgment. A motion for summary judgment will be granted if the "pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b). In view of our ruling allowing respondent to withdraw or modify her deemed admissions, this case involves genuine issues of material fact which need to be resolved. Therefore, petitioners' motion for summary judgment will be denied. An appropriate order will be issued. Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1986 as amended and in effect during the years in issue.↩
2. On August 15, 1994, respondent filed an Amendment to Answer.↩
3. These statements were imported from the allegations of fact in the petition which were not admitted by respondent in the answer.↩
4. For the first time adding to Rule 90(a) the sentence: "However, the Court expects the parties to attempt to attain the objectives of such a request through informal consultation or communication before utilizing the procedures provided in this Rule." The sentence also appears in Rule 70(a)(1), pertaining to methods and limitations on discovery. See Explanatory Note to Rule 90, 71↩ T.C. 1199.
5. Rule 90 is based upon Fed. R. Civ. P. 36. New v. Commissioner, 92 T.C. 1146, 1149 (1989); Morrison v. Commissioner, 81 T.C. 644, 648↩ (1983).
6. Withdrawal and modification were nevertheless denied in Morrison↩ based upon a showing under the second element that there would be prejudice to the party relying on the deemed admissions.
7. See Bergemann v. United States, 820 F.2d 1117 (10th Cir. 1987) (construing language in Fed. R. Civ. P. 36(b) that is the same as in Rule 90); Warren v. International Bhd. of Teamsters, 544 F.2d 334↩ (8th Cir 1976).
8. See also Dubin v. E.F. Hutton Group, Inc., 125 F.R.D. 372, 374-375↩ (S.D.N.Y. 1989) and cases cited therein concerning admissions requests requiring third party contact.
9. In this regard petitioners cite Kirkland v. Cooper, 438 F. Supp. 808↩ (D.S.C. 1977).
10. See Hadley v. United States, 45 F.3d 1345 (9th Cir. 1995); Montcalm County v. McDonald & Co. Sec., 833 F. Supp. 1225 (W.D. Mich. 1993); Flohr v. Pennsylvania Power & Light Co., 821 F. Supp. 301 (E.D. Pa. 1993); Rabil v. Swafford, 128 F.R.D. 1↩ (D.D.C. 1989).