T.C. Memo. 1996-147


UNITED STATES TAX COURT


WAYNE E. AND DOROTHY E. WELLS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1580-93.                    Filed March 25, 1996.


<u>James Dudley Williams</u>, for petitioners.

<u>Donald E. Edwards</u>, for respondent.


MEMORANDUM OPINION

PAJAK, <u>Special Trial Judge</u>:  This case was assigned pursuant to section 7443A(b)(4) and Rules 180 and 181.  All section references are to the Internal Revenue Code for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

This case is before the Court on petitioners' Motion To Withdraw Deemed Admissions, filed pursuant to Rule 90(f).  A hearing on this motion was held at Oklahoma City, Oklahoma.

By separate notices, respondent determined deficiencies in, and additions to, petitioners' Federal income taxes as follows:

Wayne E. Wells

| | | Additions to Tax--Sections | | | | |
| Year | Deficiency | 6651(a)(1) | 6653(a)(1)(A) | 6653(a)(1)(B) | 6653(a) | 6654 |
| 1986 | $7,245 | $1,211 | $369 | * | --- | --- |
| 1987 | 8,466 | 2,117 | 423 | * | --- | $456 |
| 1988 | 22,038 | 5,510 | --- | --- | $1,102 | 600 |
| 1989 | 9,221 | 2,305 | --- | --- | --- | 623 |

* Amount equal to 50% of the interest due on the underpayment due to negligence.

Dorothy E. Wells

| | | Additions to Tax--Sections | | | | |
| Year | Deficiency | 6651(f) | 6653(b)(1) | 6653(b)(1)(A) | 6653(b)(1)(B) | 6654 |
| 1986 | $6,053 | --- | --- | $4,540 | * | $292 |
| 1987 | 5,851 | --- | --- | 4,388 | * | 317 |
| 1988 | 5,032 | --- | $3,774 | --- | --- | 322 |
| 1989 | 8,135 | $6,101 | --- | --- | --- | 551 |

* Amount equal to 50% of the interest due on the underpayment due to fraud.

The deficiencies and additions to tax for Wayne E. Wells (Mr. Wells) were based upon respondent's determination that Mr. Wells negligently failed to report wage income and Schedule C income for the years in issue, as well as interest income and a profit sharing distribution in 1988.  Similar determinations for taxable years 1983, 1984, and 1985 were sustained in respondent's favor in Wells v. Commissioner, T.C. Memo. 1990-58.

The deficiencies and additions to tax for Dorothy E. Wells (Mrs. Wells) were based upon respondent's determination that Mrs. Wells failed to report Schedule C income for the years in issue.

Similar determinations for taxable years 1984 and 1985 were sustained in respondent's favor in <u>Wells v. Commissioner</u>, T.C. Memo. 1989-150. However, in the instant case, respondent determined additions to tax against Mrs. Wells for fraud, rather than negligence, as had been the case for the previous years.

<u>Background</u>

In their petition, petitioners dispute the "entire amount for each and every year." Petitioners challenge the correctness of the adjustments to income and additions to tax by alleging the following "facts" in support of their assignments of error:

> 5. The facts upon which the petitioner [sic] relies as a basis of these proceedings are as follows:
>
> > (a) That the petitioners are not liable for penalties/interest as claimed because no deficiency exists once the true income is calculated and the business and personal deductions are subtracted from the true gross income.
>
> > (b) That the petitioners deny that the amount stated as gross income in notices of deficiency is accruate [sic].
>
> > (c) That the petitioners are entitled to the normal business deductions associated with the tax years at issue all of which were not calculated to determine taxable income.
>
> > (d) That the petitioners are entitled to the personal deductions associated with the tax years at issue all of which were not calculated to determine taxable income.

Respondent filed her answer and denied petitioners' assignments of error. Respondent also alleged further facts in support of her fraud determination concerning Mrs. Wells.

The case was set for trial on May 23, 1994. Petitioners were served with the Court's Standing Pre-Trial Order on December 22, 1993. This order advised petitioners to begin discussions with respondent as soon as practicable for purposes of settlement and/or preparation of a stipulation of facts.

In January 1994, respondent attempted to confer informally with petitioners in order to clarify the issues involved, and to develop and stipulate where possible the pertinent facts. By letter dated January 20, 1994, respondent suggested that petitioners meet with respondent's counsel on February 1, 1994, or at a more convenient time, to discuss the case. Attached to this letter was a proposed stipulation of facts and copies of pertinent Tax Court Rules.

Petitioners failed to respond in any way to the January 20, 1994, letter. By letter dated February 16, 1994, respondent informed petitioners that due to their failure to appear for the scheduled meeting or to arrange another meeting date, respondent would proceed with discovery under the assumption petitioners would not abide by the Tax Court Rules. This letter also informed petitioners they would be receiving a request for admissions shortly, and warned petitioners of sanctions the Tax Court could impose for failure to respond to the request. Petitioners did not respond to this letter.

Respondent then served petitioners with a Request for Admissions on March 8, 1994, pursuant to Rule 90. The request

clearly advised petitioners they had 30 days to respond by filing a written answer with the Court and serving respondent with a copy of the written answer.  Attached to the request were: Copies of the notices of deficiency for both petitioners; copies of letters dated July 6, 1990, with incomplete Forms 1040 attached, that petitioners had sent to the Internal Revenue Service, purporting to be petitioners' tax returns for the years in issue; and Bureau of Labor Statistics data used for computing gross income after the base year of 1981.

After respondent's Request for Admissions had been sent to petitioners, petitioners sent respondent a letter on March 11, 1994, requesting informal discovery "as provided by the Rules of the United States Tax Court."  This letter requested all documents that "prove the gross income for Wayne Wells for the tax years 1986, 1987, 1988 and 1989", "prove the gross income for Dorothy Wells for the tax years 1986, 1987, 1988 and 1989", and "prove the purported civil fraud penalties asserted against Dorothy Wells."  Respondent's reply to this letter reminded petitioners they had received documents, attached to the proposed stipulation of facts, which supported the deficiencies and the additions to tax.  Respondent also enclosed four other relevant documents with this letter.

The 30-day period following service of respondent's Request for Admissions expired on April 7, 1994.  Petitioners neither answered nor objected to the request during the 30-day period.

Consequently, the requests were deemed admitted on April 7, 1994.

The deemed admissions include the following:

4.   For each of the taxable years 1986, 1987, 1988 and 1989, the petitioner Dorothy E. Wells failed to file a federal income tax return.

5.   During the four tax years 1986, 1987, 1988 and 1989, petitioner Dorothy E. Wells received income as a licensed physical therapist from several different entities.

6.   During the taxable year 1986, petitioner Dorothy E. Wells received gross income from the following sources:

| | |
|---|---|
| American Health Services, Inc. | $ 4,675.00 |
| Cushing Medical Clinic, Inc. | 15,852.49 |
| Total | $20,527.49 |

7.   During the taxable year 1987, petitioner Dorothy E. Wells received gross income from the following sources:

| | |
|---|---|
| Creek County Health Department | $   825.00 |
| Cushing Medical Clinic, Inc. | 18,535.25 |
| Cushing Regional Hospital | 2,461.50 |
| Total | $21,821.75 |

8.   During the taxable year 1988, petitioner Dorothy E. Wells received gross income from the following sources:

| | |
|---|---|
| Cushing Medical Clinic, Inc. | $12,161.75 |
| Cushing Regional Hospital | 7,847.49 |
| Total | $20,009.24 |

9.   During the taxable year 1989, petitioner Dorothy E. Wells received gross income from the following sources:

| | |
|---|---|
| Cushing Medical Clinic, Inc. | $15,237.48 |
| Cushing Regional Hospital | 12,640.50 |
| Total | $27,877.98 |

10.   During the taxable years 1986 and 1987, the payors made the amounts payable to Dorothy E. Wells.

11. Beginning on or about March 15, 1988, Cushing Regional Hospital, upon the instructions of Dorothy E. Wells, began to make the income earned by her payable to an entity named Summit Resources. All of the $7,847.49 paid by Cushing Regional Hospital to petitioner Dorothy E. Wells in the taxable year 1988 was made payable to Summit Resources.

12. At some point in 1988, Cushing Medical Clinic, Inc., upon the instructions of Dorothy E. Wells, began to make the income earned by her payable to an entity named Summit Resources. All of the $8,940.00 of the $12,161.75 paid by Cushing Medical Clinic, Inc. to petitioner Dorothy E. Wells in the taxable year 1988 was made payable to Summit Resources.

13. For the taxable year 1989, all of the income earned by Dorothy E. Wells from Cushing Medical Clinic, Inc. and Cushing Regional Hospital was, upon her instructions, made payable to Summit Resources.

14. The address for Summit Resources given by petitioner Dorothy E. Wells to those payors was 5147 South Harvard, Suite 248, Tulsa, Oklahoma 74135, which is the address of a mailing service called "The Mail Suite".

15. Petitioner Dorothy E. Wells was an independent contractor during each of these four years, and none of the payors withheld any federal income tax from the income they paid to her, based on her instructions to them.

16. Petitioner Dorothy E. Wells has not paid any federal income tax for the taxable year 1986, 1987, 1988 or 1989.

17. On July 6, 1990, petitioner Dorothy E. Wells signed and mailed a letter to the Internal Revenue Service, Austin, Texas, attached to which were five Forms 1040 for 1985, 1986, 1987, 1988 and 1989. A copy of the same letter was attached to each Form 1040, and the only difference among the letters was that the petitioner underlined the appropriate year in the second line of the letter. A copy of the letter (the letter in which 1986 was underlined) is attached hereto as Exhibit 3-C, and a copy of each of the Forms 1040

for the four years before the Court--1986, 1987, 1988 and 1989--is attached hereto as Exhibits 4-D, 5-E, 6-F and 7-G.

18. Each of the Forms 1040 contains the petitioner Dorothy E. Wells' name and address. In the box for social security number was written "Religious Objection." On line 7 for wages, salaries, tips, etc., was written the word "Estimated."

19. The respondent determined that the Forms 1040 for 1986, 1987, 1988 and 1989 were not valid returns and did not process them as valid returns.

20. The 1986 Form 1040 had no other information on it or attached to it. In regard to the 1987 Form 1040, line 7 also had the figure $21,821.75, and attached to it were two Forms 1099-MISC, one from the Creek County Health Department showing non-employee compensation of $825.00, and one from the Cushing Medical Clinic, Inc., showing non-employee compensation of $18,535.25. The Form 1099-MISC from the Creek County Health Department also had the words "Religious Objection" in the box for the recipient's identification number.

21. The Form 1040 for 1988 had the figure $13,621.75 on line 7, but had no other attachments to it or writing on it.

22. The Form 1040 for 1989 had no other writing on it, but a Form W-2 was attached to it. That form listed the employer as Summit Resources, 5147 S. Harvard, #247, Tulsa, OK 74135. It listed the employee as Dorothy E. Wells, P.O. Box 1258, Bristow, OK 74010. It listed her wages as $15,000.00. The boxes for federal income tax and social security tax withheld were left blank.

23. The four identical letters included the statement that "These returns should not be construed to be a voluntary self assessment," and contained additional language in which petitioner Dorothy E. Wells denied that she had any federal income tax liability for any of the four years.

24.  When the respondent attempted to summons records from the Cushing Medical Clinic, Inc., and the Creek County Health Department, petitioner Dorothy E. Wells filed a petition to quash summons on July 13, 1990, in case number 90-C-599-B, United Stated District Court, Northern District of Oklahoma.  That petition was dismissed upon the government's Motion For Summary Judgment.

25.  Prior thereto, on February 13, 1989, a trial was held in the U.S. Tax Court on the petition of Dorothy E. Wells in Docket No. 28337-87, for the taxable years 1983, 1984 and 1985.  Judgment was entered for respondent and damages under I.R.C. § 6673 in the amount of $5,000.00 were entered against petitioner Dorothy E. Wells.  Wells v. Commissioner, T.C. Memo. 1989-150.

26.  For each of the taxable years 1986, 1987, 1988 and 1989, the petitioner Wayne E. Wells failed to file a federal income tax return.

27.  Petitioner Wayne E. Wells has not paid any federal income tax for any of the four taxable years 1986, 1987, 1988 and 1989, except for withholding in 1986 in the amount of $2,141.00.

28.  On or about July 6, 1990, petitioner Wayne E. Wells mailed a letter to the Internal Revenue Service, Austin, Texas, attached to which were five Forms 1040, purported federal income tax returns for the taxable years 1985, 1986, 1987, 1988 and 1989.  A copy of the same letter was attached to each Form 1040, and the only difference among the letters was that the petitioner underlined the appropriate year in the second line of the letter.  A copy of the letter (the letter in which 1986 was underlined) is attached hereto as Exhibit 8-H, and a copy of each of the Forms 1040 for the four years before the Court--1986, 1987, 1988 and 1989--is attached hereto as Exhibits 9-I, 10-J, 11-K and 12-L.

29.  The four identical letters included the statement that "These returns should not be construed to be a voluntary self assessment," and contained additional language in which petitioner Wayne E. Wells denied that he had any federal income tax liability for any of the four years.

30.   Each of the Forms 1040 contain the petitioner Wayne E. Wells' name and address.  On line 7 for wages, salaries, tips, etc., was written the word "Estimated."

31.   The respondent processed the 1040 for 1986 as a valid, albeit delinquent, federal income tax return, but the respondent determined that the Forms 1040 for 1987, 1988 and 1989 were not valid returns and did not process them as valid returns.

32.   The respondent used Bureau of Labor Statistics to partly or wholly determine the income for petitioner Wayne E. Wells during the four tax years 1986, 1987, 1988 and 1989.  The respondent used the income figures of all urban consumers for a family of four living in Dallas, Texas, at the intermediate family level, relying on 1981 as the base year, when petitioner's Wayne E. Wells income was $22,678.00.  Those computations are reflected in the three-page Exhibit 13-M.

33.   Based solely on those Bureau of Labor Statistics figures, petitioner Wayne E. Wells had partial earned gross income for the taxable years 1986, 1987, 1988 and 1989 in the amounts of $27,341.00, $28,325.00, $61,672.00 and $30,902.00, respectively.

34.   From January 1, 1986, to April 8, 1986, petitioner Wayne E. Wells earned income from Casualty Reciprocal Exchange reported on a Form W-2 in the amount of $13,419.36; that amount was included by the respondent as part of the earned gross income for 1986 of $27,341.00.

35.   The respondent also determined that petitioner Wayne E. Wells' received additional income during the taxable year 1988 when his profit-sharing plan with the Dodson Group, of which Casualty Reciprocal Exchange was a member and the petitioner's actual employer, was liquidated.  It was liquidated when the IRS seized the money to pay off past assessments.  This amount was $32,185.00 and was received from the trustee, United Missouri Bank of Kansas City, Trust Division.  The respondent also determined that petitioner Wayne E. Wells received additional income in 1988 in the form of interest from the U.S. Treasury Department, in the amount of $30.00.

On May 5, 1994, petitioners filed a frivolous Motion To Dismiss. This motion is 23 pages in length and, as are most of petitioners' filings, replete with tax protester arguments.

Also on May 5, 1994, petitioners retained an attorney to represent them in this case. Petitioners' counsel subsequently informed respondent's counsel that he would be requesting a continuance because he did not have enough time to fully prepare the case before the May 23, 1994, trial date.

Petitioners filed their Motion For Continuance on May 11, 1994. Petitioners represented that "Counsel for Petitioners believes that a realistic prospect of settlement exists if the continuance is granted, thereby potentially obviating the need for any trial". Based on the representations of petitioners' counsel, respondent's counsel did not object to the continuance. Respondent's counsel, however, did inform petitioners' counsel that if there were no progress on the case by mid-July, respondent's counsel would file a motion for summary judgment relying on the requested admissions that had been deemed admitted.

On May 18, 1994, petitioners sent respondent their responses to respondent's Request for Admissions. Petitioners also attempted to file those responses with the Court. The document was not filed by the Court and was returned to petitioners as untimely. Petitioners did not at this time seek to be relieved of the deemed admissions. The Court's transmittal letter

returning the documents advised them that such a motion was necessary.

On May 23, 1994, the Court denied petitioners' Motion To Dismiss and granted petitioners' Motion For Continuance.

## Motion for Withdrawal of Deemed Admissions

On July 12, 1994, petitioners served respondent with their Motion To Withdraw Deemed Admissions. Between the hearing on May 23, 1994, and the date petitioners' motion was filed, petitioners had not presented any evidence or any documentation to respondent concerning the issues involved in the case.

Under Rule 90(c), each matter in a request for admissions is deemed admitted unless, within 30 days after service (or within such shorter or longer time as the Court may allow), the party to whom the request is directed admits, denies, or objects, stating the reasons for the objection. The written response must be served on the other party and filed with the Court. For purposes of this case, each matter contained in the request was deemed to be admitted as of April 7, 1994, because no objection or other response was made by petitioners within the time period specified by Rule 90(c). Freedson v. Commissioner, 65 T.C. 333 (1975), affd. on another issue 565 F.2d 954 (5th Cir. 1978).

Under Rule 90(f), "Any matter admitted under this Rule is conclusively established unless the Court on motion permits

withdrawal or modification of the admission."  The Rule permits the Court to allow withdrawal or modification of admissions upon the satisfaction of two elements:  (1) Presentation of the merits of the case will be subserved; and (2) the party obtaining the admission fails to satisfy the Court that the withdrawal or modification will prejudice such party's litigation of the case.

Concerning the first element, this Court has stated that the first precondition to withdrawal or modification requires that the moving party indicate facts tending to refute the deemed admissions.  Although the moving party is not required to "try" the case in the moving papers, that party must demonstrate a purpose other than delay; namely, the presentation of competing evidence, which can be accomplished by indicating facts or proposed evidence contrary to or inconsistent with the deemed admissions.  New v. Commissioner, 92 T.C. 1146, 1149 (1989); Chapoteau v. Commissioner, T.C. Memo. 1989-37.

Though petitioners did not file a Memorandum of Authorities in support of their motion or testify at the hearing, it appears that as grounds for withdrawal or modification of the admissions, petitioners allege their pro se status, that they engaged an attorney after the admissions were deemed admitted, and that it would be inequitable to hold them to the admissions.

Petitioners also attached their untimely responses to their Motion To Withdraw Deemed Admissions.  Of the 43 requested admissions, petitioners admitted 24, denied 10, and responded

that they had "insufficient information to either admit or deny" the remaining 9. Among the requests answered "insufficient information to either admit or deny" were several that concerned the letters petitioners sent to the Internal Revenue Service on July 6, 1990, purporting to be their tax returns for the years in issue. A party must make reasonable inquiry to obtain information known or readily obtainable that allows the party to fairly admit or deny. Rule 90(c); <u>Boso v. Commissioner</u>, T.C. Memo. 1995-228. Petitioners wrote and mailed these letters to the Internal Revenue Service themselves. We do not believe petitioners have met the standards set forth in Rule 90 when they claim "insufficient information to either admit or deny" facts of which they have personal knowledge.

Respondent's requested admissions relating to documents, specific facts, and the authenticity of certain documents were a reasonable attempt to narrow the issues and place facts before the Court. Petitioners have been given several opportunities to address the merits of their case and to present evidence in support of the issues as to which they have the burden of proof. Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933). Aside from admitting 24 of the requested admissions, petitioners did not present in their motion or in their proposed responses any facts that would tend to refute the deemed admissions. Thus, petitioners have shown no bona fide dispute as to the specific factual statements contained in the Request for Admissions, or

concerning the documents attached to the Request.  Consequently, allowing withdrawal of the deemed admissions would not subserve the "presentation of the merits" of this case.  Because petitioners have not met the first element of Rule 90(f), we need not determine whether withdrawal or modification of the admissions would prejudice respondent's litigation of this case.

For all the aforesaid reasons, petitioners' Motion To Withdraw Deemed Admissions is denied.

<u>An appropriate order will be issued, and this case will be restored to the general docket</u>.